21 675
31 814
21 675
052 426

EDWIN C. WEAVER, APPELLANT, v. MARK S. CRESSMAN, JULIUS THIELE, AND THOMAS M. FRANSE, APPELLEES.

1. **Creditor's Bill.** Where an action in the nature of a creditor's bill is brought by a non-resident of the state against a non-resident, on a judgment rendered in another state, on which an execution had been returned unsatisfied, to reach funds belonging to the debtor in the hands of the clerk of a district court, the petition must show that there is no property of the debtor within the state subject to attachment or garnishment.

2. **Garnishment.** While the general rule is that funds in the hands of the clerk of a court are not subject to garnishment in an action at law, yet, in a proper case, a court of equity may subject such funds to the payment of the claims of a creditor.

3. **Foreign Judgment.** A judgment rendered in another state, when brought into this state is merely evidence, and to be available in this state a judgment must be recovered thereon in our courts.

4. ———: PARTIES. Where an action is brought in this state on a judgment recovered in another state, to subject certain property of the debtor alleged to have been assigned by him without consideration, the debtor is a necessary party to the suit.

APPEAL from the district court of Cuming county. Tried below before CRAWFORD, J.

*H. C. Brome,* for appellant.

*J. Thiele,* for appellees.

MAXWELL, CH. J.

In January, 1886, the plaintiff filed a petition in the district court of Cuming county, stating his cause of action as follows:

"That in October of the year 1878, one George W. Cressman, who then resided in the state of Pennsylvania, where this plaintiff then resided and now resides, was jointly indebted to this plaintiff in the sum of three hundred and seventy-five dollars; that in said month of October, 1878, plaintiff recovered a judgment against said George W. Cressman for three hundred and seventy-five dollars, or thereabouts, and costs upon said indebtedness, in the court of common pleas of Montgomery county, Pennsylvania, which was a court having jurisdiction of the subject matter and of the person of said George W. Cressman, defendant therein, which judgment was rendered in all respects according to law; that said judgment is still in full force and effect, and there is now due thereon about six hundred dollars; that thereafter an execution was duly issued upon said judgment to the proper officer and in the manner prescribed by the laws of Pennsylvania, and to the county therein where said George W. Cressman resides, which said execution was returned wholly unsatisfied, and still remains wholly unsatisfied and unpaid; and that plaintiff has heretofore exhausted his remedy at law upon said

judgment and has utterly failed to collect the same; that about the year 1878 the said George W. Cressman had a certain interest in a mechanic's lien on certain property and real estate and fixtures in the village of West Point, in the county of Cuming, and state of Nebraska, which he assigned without consideration to one John C. Kloder, who, about the same time and as a part of the same transaction, assigned the same without consideration to Mark S. Cressman, one of the defendants herein; that said mechanic's lien was afterwards foreclosed in due form of law, and out of the proceeds of said foreclosure there are now twelve hundred dollars in the custody of the defendant, Julius Thiele, who is the clerk of the district court of Cuming county, Nebraska, as such clerk, which said twelve hundred dollars is a part in law and equity of the assets of said George W. Cressman, subject of right and in law and equity to the payment of his debts, but which is held by the defendant, Mark S. Cressman, as assignee of the said. George W. Cressman, and to which said George W. Cress-. man now makes no claim whatever; that the defendant, Thomas M. Franse, makes some claim to said fund of twelve hundred dollars, or some portion thereof, the particulars of which claim are unknown to plaintiff herein, but which claim is adverse to plaintiff's claim herein; that plaintiff has used due diligence in the assertion and enforcement of his claim herein, and has been guilty of no laches or negligence in relation thereto; that the assignments above referred to were entirely voluntary and without consideration, and in fraud of the rights of plaintiff.

"The plaintiff therefore prays that said assignments be set aside in so far as they affect the rights of plaintiff; that this court adjudge and decree that so much of said fund of twelve hundred dollars as is necessary to pay plaintiff's claim, with costs, be applied to the payment and discharge thereof; that said defendant, Thiele, be ordered to pay the same, or so much thereof as may be necessary, to this

plaintiff or his proper attorneys in discharge of said claim; that the rights and interest of defendant Franse, if any, in and to said fund, so far as the same may be adverse to those of this plaintiff, be determined and settled herein, and that if necessary a receiver of said fund be appointed to carry into effect the final judgment of this court herein, and for such other and further relief and equity as may be proper in the premises, and for costs of this action."

In March, 1886, default was entered against the defendant, Mark S. Cressman. The defendant, Thiele, demurred to the petition, upon the ground that the facts stated therein were not sufficient to constitute a cause of action. The demurrer was sustained and the action dismissed. The plaintiff appeals.

It will be observed that this is an equitable action, brought by a non-resident of the state against a non-resident, to reach funds alleged to be held by Thiele, the clerk of the district court of Cuming county. There is no allegation in the petition that the debtor, Geo. W. Cressman, has no property subject to attachment or garnishment within the state.

The general rule is, that a court of equity will not interpose until the creditor has exhausted his remedy at law; and a judgment recovered and execution issued thereon and returned unsatisfied are ordinarily required, and are considered the best evidence that the remedy at law does not exist. To this rule, however, there are a few exceptions; as where the debtor is a non-resident of the state, and has no attachable property in the state. In such cases no doubt a court of equity will grant relief. To do so, however, it must be made to appear that there is no attachable property of the debtor within the state, in order to justify the creditor in invoking the aid of a court of equity.

This action is neither a proceeding in aid of an execution, nor a garnishment under the statute, and if sustained it must be as a proceeding in the nature of a creditor's ac-

tion in equity ; and as such it wholly fails to show that the plaintiff has exhausted his legal remedies, and that a portion of the fund in question is the only property of the debtor available to apply on his claim.    The petition, therefore, fails to state a cause of action.

2.    While the general rule is, that money paid into the hands of the clerk of a court on a judgment, and money in his possession, held by virtue of his office, cannot be attached—*Ross v. Clarke,* 1 Dallas, 354; *Alston v. Clay,* 2 Haywood (N. C.), 171; *Hunt v. Stevens,* 3 Iredell, 365; *Drane v. McGavock,* 7 Humphreys, 132, *Farmers' Bank v. Beaston,* 7 Gill & Johnson, 421; *Murrell v. Johnson,* 3 Hill (S.C.), 12; *Bowden v. Schatzell,* Bailey Eq. R., 360—yet there are exceptions to this rule, as where money was in the hands of a clerk, arising from the sale of lands in partition, which money he had been ordered by the court to pay over to the parties entitled thereto.    *Gaither v. Ballew,* 4 Jones, 488.    And no doubt a court of equity in a proper case would subject funds in the hands of a clerk, belonging to a debtor, to the satisfaction of a creditor's claim.

3.    Geo. W. Cressman is not made a party defendant. A judgment rendered in another state, when brought into this state, is merely evidence, and to be available in this state a judgment must be recovered thereon in our courts. The debtor in fact is the principal defendant, and before his property can be taken and applied to the satisfaction of an alleged claim of the plaintiff, he must have his day in court, and the court must find that there is still due and owing from the debtor to the creditor or his assigns a specific sum.    Until the court has obtained jurisdiction of the debtor, how can it say that the plaintiff is a creditor and entitled to the relief sought?    The judgment of the court below is clearly right and is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.