L. OPPENHEIMER & CO. V. LORENZO MARR ET AL.

[FILED MAY 6, 1891.]

**Garnishment:** MONEY DUE FROM SHERIFF ON CONTRACT NOT
IN CUSTODIA LEGIS. L. & Co. having recovered judgment in a
justice's court against L. M. for $104.25, and execution having
been issued and returned no goods found whereon to levy, affi-
davit and notice of garnishment were made and served on T.
H. B., who appeared and answered, and by which it appeared
that he was the sheriff of the county, and had in his hands $62
due to the judgment debtor for the pasturage and keep of certain
live stock taken in execution by the sheriff, and sold at the suit
of the K. Nat. Bank v. R. M., and which money was part of the
proceeds of the sale. *Held*, That the judgment of the district
court affirming that of the justice discharging the garnishee on
the ground that the sheriff's money was *custodia legis*, and not
subject to garnishment, was error.    The judgment reversed, and
judgment for the amount with interest entered against the gar-
nishee.

ERROR to the district court for Hitchcock county.    Tried
below before COCHRAN, J.

*George E. Banks*, for plaintiff in error, cited :  *Wehle v.
Conner*, 83 N. Y., 231; *Conover v. Ruckman*, 33 N. J. Eq.,
303.

*J. W. Cole, contra*, cited : *Wilder v. Bailey*, 3 Mass., 289;
*Benson v. Flower*, Croke's Rep. [Eng.], 166–176; *Farr v.
Newman*, 4 T. R., 621; *Turner v. Fendall*, 1 Cranch [U. S.],
117; *Sharp v. Clark*, 2 Mass., 91; *Penniman v. Ruggles*,
6 Id., 166; *Staples v. Staples*, 4 Me., 532; *Farmers'
Bank v. Beaston*, 7 Gill & J. [Md.], 421; *Clymer v. Wil-
lis*, 3 Cal., 363; *Hill v. La. C. & M. R. Co.*, 14 Wis., 291;
*Reddick v. Smith*, 3 Scam. [Ill.], 451; *Handy v. Dobbin*,
12 Johns. [N. Y.], 220; *Dubois v. Dubois*, 6 Cow. [N.
Y.], 494; *Miller v. Adsit*, 16 Wend. [N. Y.], 363; *Sta-*

*tionery Co. v. Case,* 26 Kan., 299; *Rhines v. Phelps,* 3 Gil., 455; *Acker v. White,* 25 Wend. [N. Y.], 614; *Selleck v. Phelps,* 11 Wis., 380; Hilliard, Torts [3d Ed.], p. 51, sec. 29; Freeman, Exec., sec. 130; Herman, Exec., sec. 246; Williams, Exec., 2113; *Hagan v. Lucas,* 10 Pet. [U. S.], 400; *Brown v. Clarke,* 4 How. [U. S.], 4; Maxwell, J. Pr. [4th Ed.], 211; Maxwell, Pl. & Pr., 499

COBB, CH. J.

This cause is on error from the county of Hitchcock.

Proceedings in garnishment against Thomas H. Britton were taken on error to the district court of said county on June 15, 1889, by the plaintiffs, alleging that on April 21, 1889, they recovered a judgment before W. A. Connett, justice of the peace of Culbertson precinct, against the defendant Marr for $104.25, and $3.50 costs, on which execution was issued and returned "no goods or chattels found whereon to levy." Affidavit of garnishment followed, and summons was issued and served on defendant Britton, who appeared on June 7, 1889, and answered that he had $62 in his possession due to the defendant. On cross-examination it was discovered that the garnishee was the sheriff of the county, and that the money due the judgment debtor was for the pasturage, keeping, and care of certain live stock, taken in execution against Rebecca Marr, at the suit of the Kalamazoo National Bank, and was part of the proceeds of the sale of the stock under the execution. The justice held that the money was in the garnishee's hands, as sheriff, and was not subject to garnishment, and the garnishee was discharged from liability. A transcript of the proceedings was taken to the district court on error, and on November 16, 1889, there was a trial to the court and the judgment of the court below was affirmed with costs against the plaintiffs.

The plaintiffs' assignment of error is, that the district

court erred in affirming the judgment of the justice of the peace and in discharging the garnishee.

From the record it appears that the garnishee, as sheriff, on May 1, 1889, having levied upon and taken on execution twenty head of cattle, seven head of fat steers, one span of mares, and one Clydesdale stallion, employed the judgment debtor to pasture, feed, and care for the stock, subject to the garnishee's order, for the sum of $2 per day. On the second and third days of June, following the days of sale of the property, there was due the judgment debtor on this account $62. On June 3, during the progress of the sale, the garnishee was served with summons from the justice's court. On the 4th of June he made return of the execution, taxed the cost of keeping the stock $62, and retained it. On the 7th of June he answered as garnishee in the justice's court. His contract for the care of the live stock was a personal one, for which he was personally responsible under all circumstances, and was unattended by the authority or jurisprudence of the court. While he was legally entitled to tax the costs of levy and sale against the proceeds of the property, and incidentally to include that of keeping and protecting it, the money in his hands, or to come into his hands, for that purpose, was never at any time *in custodia legis*, in the sense that it was not subject to the authority of any other competent court. It was but a debt due from the sheriff to his contractor and creditor. If, however, it may be regarded as " in the custody of the law," and is a remainder in the hands of the sheriff after satisfaction of all other costs, would it be exempt from attachment? Secs. 224 and 939 of the Civil Code binds the garnishee for all property or money he may have in possession owing to the defendant at and after the service of the writ and notice.

The rule, " *in custodia legis*," applies only where the sheriff is bound to have the money in hand to pay the execution plaintiff, and not to cases in which he has in his pos-

session, after satisfying the execution, a surplus of money from the sale of property. Such surplus is the property of the execution defendant, and being held by the sheriff in a private and not in an official capacity, it may be at tached in his hands. (Drake on Attachment, 281.)

"Judgment debts and moneys collected on execution in the hands of a sheriff are liable to attachment under process against the judgment creditor." (*Wahle v. Conner*, 83 N. Y., 231.)

"The surplus proceeds of property in the hands of an officer of the court, after satisfying the execution, or other process, belongs to the defendant, who is entitled to it without an order of the court, and is therefore subject to garnishment by a creditor." (*Leroux v. Baldus*, 13 S. W. Rep., 1019.)

In the case of *Weaver v. Cressman*, 21 Neb., 679, it was laid down in the opinion of the then chief justice, that "while the general rule is that money paid into the hands of the clerk of a court on a judgment, and money in his possession by virtue of his office, cannot be attached, yet there are exceptions to this rule, as where money was in the hands of the clerk from the sale of lands in partition which had been ordered to be paid over to the parties, and no doubt a court of equity, in a proper case, would subject funds in the hands of a clerk, belonging to a debtor, to the satisfaction of a creditor's claim."

The most comprehensive rule as to garnishment would seem to be that laid down in the Nebraska Pleading and Practice, p. 509, that "a person who holds money subject to certain conditions, upon the fulfillment of which it is to become the property of a third party, is not liable as garnishee in an action against the latter until the conditions have been fulfilled." And when those conditions are complete, we hold that he is liable, subject to the legal exceptions laid down by the author. There is to be a limit even to the rule of judicial custody, and that limit is reached, as

in this case, when the judgment and costs are satisfied, and the remainder, in the hands of the sheriff, is subject to garnishment as money acknowledged to be due to this judgment debtor.    The court has discharged its functions, has satisfied its suitors, and is no longer custodian of the costs of levy and sale which had become the perquisites of those entitled to them.

The judgment of the district court is reversed and the cause is remanded to that court, which is ordered to enter a judgment for the plaintiff in error against Thomas H. Britton, as garnishee, for the sum of $62, with interest from June 7, 1889.

JUDGMENT ACCORDINGLY.

THE other judges concur.