ORCHARD & WILHELM COMPANY, APPELLEE, v. GRENVILLE
P. NORTH, APPELLEE: UNITED STATES NATIONAL BANK
OF OMAHA, GARNISHEE, APPELLANT.

FILED DECEMBER 29, 1933. No. 28702.

*Morsman & Maxwell* and *John R. Fike,* for appellant.

*Howard Saxton* and *John E. Eidam, contra.*

Heard before GOSS, C. J., ROSE and PAINE, JJ., and
CARTER and REDICK, District Judges.

GOSS, C. J.

By this appeal United States National Bank of Omaha
challenges the right of the district court to require the
bank as garnishee to open a safe deposit box leased to
defendant.

Plaintiff obtained judgment against Grenville P. North
for $1,460.65 and costs, no part of which was paid. Two
executions were issued and returned unsatisfied, the sec-
ond being issued and returned on July 29, 1932. On that

date a third execution was delivered to the sheriff; also a garnishment summons, requiring the bank to appear and answer as to any property of defendant in its possession or under its control. The record shows that defendant had been examined July 14, 1932, before Judge Wright, in aid of execution, and had disclosed that he had a safe deposit box in the United States National Bank, containing insurance policies and other papers. No order was made thereon by Judge Wright and the execution had been returned unsatisfied.

In this garnishment proceeding in aid of execution, the bank as garnishee duly filed a written answer. The answer first pleaded that the bank had in its possession or control no goods, chattels, rights, properties, money or credits of defendant; then stated that on or about December 20, 1929, defendant leased from the bank a certain described box in the bank's safety vaults, a copy of the lease agreement being attached to the answer, but alleged that it is specifically provided in the lease that the bank has no possession, custody or control over, access to, or knowledge of, the contents of the box; that the bank does not have a key which will open the box and there is no way whereby it alone can open the box; and that the only method of opening the box without injury is under the arrangement whereby both the key in the possession of the lessee and the key retained by the bank are necessary.

So far as the lease is concerned its provisions bear out the statements of fact in the answer. No oral answer or other evidence was taken on this garnishment answer, the hearing on which was before Judge Thomsen; but the order made by Judge Thomsen, dated September 24, 1932, recites that "the matter was submitted on the answer of the United States National Bank, garnishee, and upon the testimony given at the hearing in aid of execution (meaning the hearing in aid of execution at which defendant North was examined before Judge Wright) and the record." The clerk of

the district court certified that the record in that office "does not show that any order was made by the court on or in connection with said hearing in aid of execution" (meaning the hearing at which defendant North was examined), except as shown by the bill of exceptions filed herein November 2, 1932. This must be understood and considered, however, in connection with the final order here appealed from, in which Judge Thomsen recited that the matter was "submitted on the answer of the * * * garnishee, and upon the testimony given (by defendant) at the hearing in aid of execution." The bill of exceptions tendered by appellant, consisting of this testimony only, was returned by appellee with no amendments and was thus duly settled by the court.

The district court found that the United States National Bank, "garnishee, has in its possession or under its control a safe deposit box" leased by defendant, ordered the bank to open the box within ten days and to disclose its contents to plaintiff and to the sheriff for levy of execution; directing the garnishee, first, to notify defendant of its desire to proceed under the order and to request of him the use of his key to open the box without injury, and second, in the event of defendant's refusal, that the garnishee shall drill or force the lock so as to make its contents available for inspection and execution. The expense of such drilling or forcing, not to exceed $2.50, was ordered paid by plaintiff, to be taxed as costs.

Section 20-1060, Comp. St. 1929, provides: "In cases where the garnishee, in answering such interrogatories, shall disclose that he has property in his possession or under his control belonging to the defendant or defendants in execution, the court shall order the same to be taken and sold by the officers upon execution, as in other cases."

The order is bottomed upon the theory that the garnishee had property of defendant in its possession under its control. Appellant therefore concludes that the district court regarded defendant as bailor and the bank as bailee

of the property contained in the safe deposit box; and devotes much of its argument to a discussion of the elements required in a bailment and to an analysis and criticism of opinions favorable to appellee in which the courts have (sometimes perhaps improperly) referred to a lessor of a safe deposit box as a bailee and to the lessee as a bailor, or to the result as a bailment.

By the terms of the lease it was beyond the power of defendant to open the box without the aid of the bank, using its key. So the bank had the physical possession of the box and the control of the means by which it could be opened. Under the admissions of the bank's answer, it is entirely proper to say that the safe deposit box of defendant was under the control of the garnishee. Knowing modern life, we may take judicial notice and assume defendant leased the box for use. "The court takes judicial notice of the uses made of safety deposit boxes." *West Cache Sugar Co. v. Hendrickson,* 11 A. L. R. 216 (56 Utah, 327). If he had any property subject to execution therein, it too was as much under the control of the law as the box itself, so far as access is concerned. The order of the court safeguarded from any levy such contents of the box as upon inspection might not be subject to execution. Indeed the law itself would protect property contained in the box but owned by others, or not subject to execution, and wrongfully converted or levied upon.

Garnishee attacks the final order of the court in which it is shown that, as a basis for the order, the court considered not only the answer of the garnishee but also the testimony of defendant North given in another proceeding before another judge. We are of the opinion that this testimony was incompetent to be considered in the garnishment proceedings and therefore ought not to be considered by us in review. Of course the garnishee was required to make up the bill of exceptions, consisting only of this testimony, because the court had based the order, in part at least, upon it. Our reasons for this conclusion

are founded upon a consideration of our statutes relating to garnishment in aid of execution, which is the provisional remedy under which this controversy arose. The procedure is found in sections 20-1056 to 20-1061, Comp. St. 1929, being the subdivision of the chapter of the Code relating to garnishment in aid of execution. Nowhere in that procedure is any power granted the court to require answers from, or to take testimony of, any one other than the garnishee. Our legislature has never seen fit to provide, in respect of garnishments, that other evidence may be taken than that of the garnishee. We cannot quote the statutes. A perusal will verify our conclusion.

It is true that the statutes do provide through another subdivision in this same chapter, but in the subdivision relating generally to proceedings in aid of execution, for an inquiry or disclosure of property owned by the garnishment debtor either by proceedings in equity, or as provided in the sections immediately following. Comp. St. 1929, secs. 20-1565 to 20-1582. Section 20-1572 expressly provides that witnesses may be required to appear and testify in the same manner as upon the trial of an issue. That the judgment debtor may be included among the witnesses referred to is shown by section 20-1573. In the instance where the judgment debtor was examined before Judge Wright this form of provisional remedy was used but no order was made. In the instant case Judge Thomsen was acting under the garnishment form of provisional remedy and erred in seeking to tack to the answer of the garnishee the testimony given in an entirely different proceeding by another witness. Quite likely the total evidence would be the same, if the bank and judgment debtor were examined in proceedings in aid of execution, as it evidently was when taken in these two entirely separate proceedings. In adopting that procedure the court would be able to direct and control the acts of the witnesses in all lawful ways until they were excused from attendance. If the safe deposit box should be ordered opened but, upon inspection, contained no leviable prop-

erty of defendant, that would end necessity for further action in that phase of that proceeding. But we have no legislative powers and cannot read into the statutes relating to garnishment that which is not there, namely, the right to take other evidence than that of the garnishee, which was done in this case.

We have perhaps unnecessarily explained our views at the foregoing length in order that we may make it clear that in garnishment proceedings in aid of execution only the answer or testimony of the garnishee may be considered, under the present wording of our statutes; if the judgment creditor desires to get the facts in part from other witnesses he must proceed in other ways in aid of his execution. So we eliminate from the bill of exceptions the testimony of the judgment debtor. It was erroneously considered but no party has been prejudiced thereby.

With the answer of the debtor eliminated, we proceed to consider whether the answer of the garnishee alone did not justify the order made by the trial court. We have already recited the contents of this answer.

One of the earliest (1900) and oft-cited cases of like nature is *Trowbridge v. Spinning,* 23 Wash. 48, 54 L. R. A. 204. This was a garnishment after judgment. The statute required the garnishee to answer as to personal property of defendant in possession of garnishee or under his control; and authorized a judgment requiring the garnishee to deliver up to the sheriff such property. The answer disclosed a safe deposit box rented by defendant. "No evidence was introduced as to the contents of the box; it was simply as to the manner of control." There, as here, defendant and garnishee each had a key. Both were indispensable in opening the box without forcing it. It was held that the trial court erred in discharging the garnishee.

In *West Cache Sugar Co. v. Hendrickson,* 56 Utah, 327, reported in 11 A. L. R. 216, with annotation, 225, it was held that the court takes judicial notice that, in a gar-

nishment proceeding after judgment, the contents of a safe deposit box are subject to garnishment, and when defendant has a key without which the box cannot be opened, the court may require the box to be opened by drilling the tumblers of the lock. The opinion in that case was aided by a general statute of Utah to the effect that where, by statute, jurisdiction is given to a court or official, all the means necessary to carry it into effect are also given; and if, in the exercise of the jurisdiction, the course of the proceeding be not specifically pointed out by statute, any suitable mode of proceeding may be adopted which may appear most conformable to the spirit of the statute or Codes of Procedure. While we do not have so specific a statute, we have a general Code provision which performs the same office. Section 20-2219, Comp. St. 1929, says: "The rule of the common law, that statutes in derogation thereof are to be strictly construed, has no application to this Code. Its provisions and all proceedings under it shall be liberally construed, with a view to promote its object and assist the parties in obtaining justice." How could an execution in pursuance of garnishment be better aided "with a view to promote its object and assist the parties in obtaining justice" than in such a construction of a garnishment statute as will allow the evidence of a garnishee to be followed to its logical end by requiring a safe deposit box belonging to a judgment creditor, in garnishee's possession and control, to be opened and examined for property subject to execution? Such action is in effect a logical continuation and part of the testimony or answer of the garnishee. To deny it on the ground that it is not contemplated in this subdivision of the Code would subject the statute to a strict construction rather than to that liberal construction otherwise authorized in the Code.

In the annotation to *West Cache Sugar Co. v. Hendrickson, supra,* in 11 A. L. R. 225, it is said: "The majority of the cases which have passed upon the question whether or not the contents of a safety deposit box are subject

to levy, attachment, or garnishment, have held in accordance with the rule laid down in the reported case (*West Cache Sugar Co. v. Hendrickson, ante,* 216) that the contents of such boxes may be reached." The annotation cites *Washington Loan & Trust Co. v. Susquehanna Coal Co.,* 26 App. D. C. 149; *Tillinghast v. Johnson,* 34 R. I. 136; *Trowbridge v. Spinning,* 23 Wash. 48.

Apropos the argument of appellant that the trial court must have considered the case as one of bailment with defendant as the bailor and the bank as bailee, it is interesting to note the discussion of that subject by the New York Court of Appeals in *Carples v. Cumberland Coal & Iron Co.,* 240 N. Y. 187. In that case it was held that it was the duty of the court to aid the sheriff by an order permitting him to open a safe deposit box and to take any property of defendant subject to levy. As to the bailment argument the opinion said: "The status of a safe deposit company is in some aspects that of a bailee but the customer's control and possession of a box is like that of a tenant having property in an office rented from the owner of a building. * * * If the property in the box is to be regarded as in the possession of the customer the order granted was right. If, on the other hand, the safe deposit company should be regarded as in some respects a bailee and having possession of the box it was still proper for the court to make such order which, with the levy of the sheriff thereunder, will be ample protection to the company as against the box holder."

Aside from the wish of all good citizens that the law should be justly and correctly administered, the garnishee's desire is for protection from liability to holders of its safe deposit boxes. Defendant did not appeal. Presumably he was satisfied with the order or was of the opinion appeal would be of no avail. The order itself gives him an opportunity to aid in opening the box by furnishing his key. The order and its affirmance here protect the garnishee from liability.

The judgment of the district court is

AFFIRMED.