JOHN J. EARLY, APPELLANT, V. BELGRADE-HORD COMPANY ET AL., APPELLEES.

277 N. W. 596

FILED FEBRUARY 11, 1938. No. 30163.

*H. G. Wellensiek,* for appellant.

*Morsman & Maxwell* and *E. J. Patterson, contra.*

Heard before GOSS, C. J., ROSE, DAY, PAINE, CARTER and MESSMORE, JJ., and MUNDAY, District Judge.

ROSE, J.

This is a garnishment proceeding in aid of execution. Upon a hearing in response by the garnishees to the summons, the district court discharged them and plaintiff appealed.

John J. Early, plaintiff, recovered in the district court for Merrick county, April 28, 1936, a judgment for $4,992 against Belgrade-Hord Company, defendant. Execution on the judgment was issued and returned by the sheriff May 4, 1936, *nulla bona.* On behalf of plaintiff an affidavit for

garnishment in aid of execution was filed .in the district court June 16, 1936, pursuant to statute. Comp. St. 1929, sec. 20-1056. Affiant stated he had good reasons to believe and did believe that Heber Hord and the Lakeside Ranch Company had property of, and were indebted to, Belgrade-Hord Company, defendant. They were summoned by the sheriff as garnishees June 16, 1936, to answer under oath all questions touching the goods, chattels, rights and credits of defendant in their possession or under their control.

Heber Hord, personally, and as president of Lakeside Ranch. Company, was examined under oath. After the hearing the district court found that garnishees had no property of defendant and were not indebted to it. The garnishees were consequently discharged. On appeal plaintiff assigned error in the finding and judgment below.

Garnishment in aid of execution is a provisional remedy created by statute directing the procedure to obtain such relief. Comp. St. 1929, secs. 20-1056 to 20-1061. The answer and evidence of garnishees only may be taken by the court in response to the summons in garnishment. *Orchard & Wilhelm Co. v. North,* 125 Neb. 723, 251 N. W. 895. A judicial order on a garnishee to turn over money or property in aid of execution can be made only upon an unqualified admission by him of a present indebtedness which the execution debtor would be entitled to but for the garnishment. *Clark v. Foxworthy,* 14 Neb. 241, 15 N. W. 342.

In the present instance, the answers and evidence of Hord in testifying for himself and on behalf of Lakeside Ranch Company, of which he was president, did not admit an indebtedness of garnishees to Belgrade-Hord Company, defendant, when the summons in garnishment was served. On the contrary, the true import of his answers and evidence is that there was no such indebtedness. It follows that under the law the judgment discharging the garnishees was the only one that properly could have been rendered on the record.

AFFIRMED.