ORCHARD & WILHELM COMPANY, APPELLANT, V. GRENVILLE
P. NORTH: GERTRUDE MAY ET AL., APPELLEES.

280 N. W. 272

FILED JUNE 15, 1938. No. 30357.

*Howard Saxton,* for appellant.

*Grenville P. North* and *E. H. McCarthy,* contra.

Heard before GOSS, C. J., ROSE, EBERLY, PAINE, CARTER
and MESSMORE, JJ.

CARTER, J.

In this case, the Orchard & Wilhelm Company caused a
garnishment in aid of execution to be issued against Frank
McGrath, clerk of the district court for Douglas county,
and Gertrude May, it being alleged that each of said gar-
nishees had funds in his possession belonging to the judg-
ment debtor, Grenville P. North. From an order discharg-
ing the garnishees, the Orchard & Wilhelm Company ap-
peals.

The record discloses that the Orchard & Wilhelm Com-
pany obtained a judgment against Grenville P. North on
November 28, 1931, in the sum of $1,460.65, with interest

thereon at 7 per cent. per annum from October 30, 1931, no part of which has been paid. On October 8, 1937, a garnishment in aid of execution was commenced against Frank McGrath, clerk of the district court, and Gertrude May, as garnishees. On October 13, 1937, Gertrude May filed her written answer stating that she had no funds in her possession belonging to Grenville P. North, the judgment debtor. On October 18, 1937, Gertrude May appeared in court and testified that she had no funds in her possession belonging to Grenville P. North. The court thereupon discharged her as garnishee. This ruling was correct, the applicable rule being as follows:

"In a garnishment proceeding in aid of execution, the answer and evidence of garnishee only are admissible in response to the summons in garnishment.

"A judicial order on a garnishee to turn over money or property in aid of execution can be made only upon an unqualified admission by him of a present indebtedness which the execution debtor would be entitled to but for the garnishment." *Early v. Belgrade-Hord Co.*, 133 Neb. 884, 277 N. W. 596. See, also, *Orchard & Wilhelm Co. v. North*, 125 Neb. 723, 251 N. W. 895.

The unqualified testimony of Gertrude May under oath required the court to discharge her as garnishee. If the disclosure of the garnishee was untrue, the remedy is by a direct suit against the garnishee. We conclude that Gertrude May was properly discharged as garnishee by the trial court.

On October 13, 1937, Frank McGrath filed his answer as garnishee alleging that, in a certain divorce action pending in the district court for Douglas county, the judgment debtor, Grenville P. North, had been allowed an attorney's fee of $750 which had been paid to him as clerk of the district court. His answer alleged that North had assigned the attorney's fee to Gertrude May by a written assignment filed in his office before the garnishment summons was served and, for that reason, there was no property in his possession belonging to North. He also alleged in his answer

that the $750 was *in custodia legis* and not subject to garnishment.

The evidence establishes the fact that the $750 was in the hands of the clerk of the court for one purpose only— payment to North. The court had no claim upon it and there were no conditions attached that would in any way indicate that the fund was *in custodia legis*. The rule is: "The rule that funds arising from judicial process are not subject to garnishment is subject to many exceptions. While an officer holding money merely as an agent of the law is not subject to garnishee process, if anything arises to change this relation from an official to a personal obligation, he then becomes amenable to such process. * * * Another exception arises where the officer has been ordered to pay over the funds. Many courts take the view that after an order to pay over the funds the court officer or person having custody of the fund will be treated as the agent of the party entitled to the fund and therefore subject to garnishment, though this has been denied." 12 R. C. L. 810, sec. 41.

In *Oppenheimer v. Marr,* 31 Neb. 811, 48 N. W. 818, this court said: "The most comprehensive rule as to garnishment would seem to be that laid down in the Nebraska Pleading and Practice, p. 509, that 'a person who holds money subject to certain conditions, upon the fulfilment of which it is to become the property of a third party, is not liable as garnishee in an action against the latter until the conditions have been fulfilled.' And when those conditions are complete, we hold that he is liable, subject to the legal exceptions laid down by the author. There is to be a limit even to the rule of judicial custody, and that limit is reached, as in this case, when the judgment and costs are satisfied, and the remainder, in the hands of the sheriff, is subject to garnishment as money acknowledged to be due to this judgment debtor. The court has discharged its functions, has satisfied its suitors, and is no longer custodian of the costs of levy and sale which had become the perquisites of those entitled to them."

The conclusion follows that the fund in question was not *in custodia legis* at the time the garnishment process was served.

The answer of Frank McGrath discloses that he had $750 in his possession which was paid for the benefit of North, but alleges that a written assignment of the fund had been filed in his office for the benefit of Gertrude May and as a result thereof he had no funds in his possession belonging to North when the garnishment summons was served. This was not an unqualified denial that the garnishee had funds in his possession belonging to the judgment debtor. It raises issues that are for the court to determine. The proper practice under such circumstances is for the garnishee to file an affidavit in interpleader suggesting the names of all persons claiming an interest in the fund. The court should then require the payment of the fund into court and require those claiming an interest in the fund to interplead and set up their claims thereto. Upon the issues thus formed, the court, after the taking of evidence, determines the respective interests of the parties. In the instant case there was no order made requiring the parties interested to interplead. The court, however, elected to treat the answers on file as petitions in interpleader. We find no error in the trial court's action in so doing. The trial court, however, refused to take evidence before determining the rights of the parties to the fund. It is clearly the rule that, where the court obtains jurisdiction of a fund by garnishment proceedings, it necessarily follows that the claims of all persons claiming an interest in the fund should be heard and an order entered determining their respective rights thereto. While it is true that the court's jurisdiction over a fund in the hands of a garnishee is determinable from the answer of the garnishee, yet, if jurisdiction does attach, the determination of the interests of all the parties is for the court.

In this case the answer of the garnishee was such that the court acquired jurisdiction over the fund. This being true, the court erred in not taking the evidence of Gertrude May and the Orchard & Wilhelm Company in support of their claims to the fund.

The judgment is reversed and the cause remanded for further proceedings in accordance with this opinion.

REVERSED.