JOHN SEARCEY, APPELLANT, V. VIRGIL BADGETT: M. M. BRIDGMON, GARNISHEE, APPELLEE.

288 N. W. 537

FILED NOVEMBER 24, 1939. NO. 30698.

*Kenneth S. Wherry,* for appellant.

*Moore & Finn, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

EBERLY, J.

This is an appeal from an order of the district court dismissing and discharging the garnishee. The garnishee, by written answer, denied he was indebted to the judgment debtor in any amount. The judgment was regularly obtained in the justice court of Pawnee county, a transcript thereof filed in the office of the clerk of the district court for Pawnee county, and likewise in the district court for Johnson county. An execution was issued in Johnson county and returned unsatisfied for want of sufficient property whereon to levy and collect the same. Proceedings were then had on affidavit in garnishment, requiring the garnishee (appellee) to answer. He answered in writing, denying that he was indebted to the judgment debtor in any amount. By agreement, the matter was continued and set for hearing. Evidence was adduced in favor of the judgment creditor, seeking to trace property of the judgment debtor into the hands of the garnishee. The contention of the appellant is that the answer of the garnishee constituted a disclosure, and the garnishee proceeded to trial without objection. At the conclusion of the testimony in be-

half of the judgment creditor, the garnishee moved that he be discharged for the reason that the judgment creditor failed to interrogate him as provided in the summons issued in said cause, and the motion was sustained.

Appellant cites and relies upon the case of *Burlington & M. R. R. Co. v. Chicago Lumber Co.*, 18 Neb. 303, 25 N. W. 94, wherein this court held: "When a garnishee, prior to the time when it is required to answer as to its indebtedness, files an answer as in an ordinary action, and issue being joined thereon a trial is had and other witnesses are examined, without objection to the course pursued, such garnishee will not be permitted to question the regularity of the proceedings in the appellate court."

The above case is cited as being directly in point, and in that case there were filed an answer and a reply to the answer, and the case did proceed upon the theory of trial. In the instant case there is nothing in the record to show that the garnishee proceeded upon the theory of trial.

Section 20-1056, Comp. St. 1929, contains the procedure to be followed by a judgment creditor, in pursuing collection on the original judgment, wherein, after return of execution, an affidavit shall be filed by the judgment creditor in the office of the clerk of the court in which said execution was issued, stating that he has good reason to and does believe that any person, etc., has property of and is indebted to the judgment debtor; the clerk of the court shall issue a summons, as in other cases, requiring such person to appear in court and answer such interrogatories as shall be propounded to him, touching the goods, chattels, rights and credits of the judgment debtor in his possession. This would indicate clearly that, if interrogatories were not propounded and the garnishee previously, by written answer, denied indebtedness, he should be discharged.

Section 20-1030, Comp. St. 1929, in substance, provides that, if a garnishee appear and answer, and his disclosure is not satisfactory to the plaintiff (in this instance the judgment creditor), "plaintiff may proceed against him in an action by filing a petition in his own name, as in other

cases, and causing a summons to be issued upon it; and thereupon such proceedings may be had as in other actions, and judgment may be rendered in favor of the plaintiff for the amount of the property and credits of every kind of the defendant in the possession of the garnishee, and for what shall appear to be owing by him to the defendant, and for the costs of the proceedings against the garnishee." This provision of the statute is one of the remedies available to the appellant.

This court, in *Orchard & Wilhelm Co. v. North,* 125 Neb. 723, 251 N. W. 895, held: "Where discovery of property of a judgment debtor is sought through evidence from others than a garnishee, the remedy is provided in sections 20-1565 to 20-1582, Comp. St. 1929;" and specifically held: "In garnishment proceedings in aid of execution (Comp. St. 1929, secs. 20-1056 to 20-1061) the answer or evidence of the garnishee only may be taken by the court." In the body of the opinion, in speaking of procedure as found in sections 20-1056 to 20-1061, Comp. St. 1929, the same being the subdivision of the chapter of the Code relating to garnishment in aid of execution, it was said: "Nowhere in that procedure is any power granted the court to require answers from, or to take testimony of, any one other than the garnishee. Our legislature has never seen fit to provide, in respect of garnishments, that other evidence may be taken than that of the garnishee. * * * If the judgment creditor desires to get the facts in part from other witnesses he must proceed in other ways in aid of his execution." See, also, *Early v. Belgrade-Hord Co.,* 133 Neb. 884, 277 N. W. 596; *Orchard & Wilhelm Co. v. North,* 135 Neb. 39, 280 N. W. 272.

For the reasons given herein, the judgment of the district court is

AFFIRMED.