EMERSON-BRANTINGHAM IMPLEMENT COMPANY ET AL., APPELLANTS, V. MELVIN V. HALLGREN, APPELLEE.

20 N. W. 2d 501

FILED NOVEMBER 9, 1945. No. 32003.

*Mothersead & Wright* and *Paul Rhodes,* for appellant.
*F. J. Reed,* for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

PAINE, J.

This is an appeal from an order of the district court which denied a motion of the assignee of the plaintiff that the unpaid portion of a judgment against the defendant, Melvin V. Hallgren, be declared a lien upon the distributive

share, being a one-fourth interest of the said defendant in the estate of his wife, Lillian J. Hallgren.

The plaintiff assigns as error that the refusal of the district court to impress this judgment as a lien on the defendant's share of the said estate, which was not exempt, violates the law in reference thereto.

The transcript discloses that Emerson-Brantingham Implement Company secured a verdict against the defendant in the district court on October 11, 1932, in the sum of $1,277.04, and judgment thereon in said amount, with costs.

On September 29, 1937, an execution was issued on said judgment, and on the same day was returned unsatisfied. Another execution was issued July 3, 1942, and three days later returned unsatisfied. On October 29, 1943, the judgment was assigned to F. E. Williams by the plaintiff corporation, by its vice-president and secretary, and a certificate as to their authority filed.

On January 4, 1944, affidavit in interpleader having been filed by Great Western Sugar Company, and garnishee having paid into court $937.97, distribution of said amount was ordered by the district court, and the sum of $324.03 was ordered applied on the judgment in suit. A few days later affidavits were filed, the first praying that defendant be ordered to appear in court for examination, which was duly ordered, and the other affidavit setting out that Theron R. Hallgren, as special administrator of the estate of Lillian J. Hallgren, has in his possession personal property, to wit: Livestock, household goods, and farm machinery, in which defendant has an interest, and that same are not exempt by law from being applied in payment on his debts. The court directed that such special administrator appear in court and show cause why said property should not be applied on said judgment.

On November 13, 1943, an alias execution was issued by the clerk of the district court. Thereafter a temporary restraining order was served on the sheriff, preventing further action thereon. Thereafter, on January 25, 1944, a second alias execution was issued, and return duly made

thereon, setting forth that he had levied upon certain property. Trial was had and evidence taken, and the district court denied the motion of the assignee of the plaintiff to impress the unpaid portion of the judgment against defendant as a lien upon the share of defendant in the estate of Lillian J. Hallgren, which was not exempt by law, "it appearing that the said Melvin V. Hallgren had a one-fourth interest in said estate and that the administrator had on hand property and funds undistributed." Supersedeas bond being filed in the sum of $100, the assignee of plaintiff appealed from said order.

It appears that it was contended that no proper notice was given the judgment debtor, and that he should have been brought before the court and given an opportunity to protect his rights by showing whether certain of the property levied upon was exempt.

The testimony of the administrator, Theron R. Hallgren, was that the family of his mother, Lillian J. Hallgren, consisted of himself and his three sisters, who lived in the state of Washington, and that his father, the defendant, was at that time living out on the farm, and had been for two or three months, but had not farmed it for over a year, and has, no interest in the farming operations. He knew of no claims filed against his father's share in the estate, and has not closed the estate because the heirs did not care. He testified that his mother also had another daughter by her first marriage, who lives near Holdrege.

The counsel stipulated as to all sums paid in to the clerk by the garnishee, and also all receipts from other sources, and all payments made by the clerk and sheriff on order of the court, and that the clerk now has on hand $556.28, subject to certain small cost items.

The law as it relates to the case at bar is found in the following sections of our statutes:

It is generally provided that any interest a judgment debtor may have in any money or choses in action due, or to become due, to him is subject to the payment of the judgment against him. Sec. 25-1564, R. S. 1943. Section

25-1569, R. S. 1943, sets out that the notice in such proceedings is to be given in the manner which the court deems proper.

It is shown by the transcript that the trial court issued an order to the defendant to appear before it, to answer all questions concerning his property, at a definite day and time, and there is attached the return of the sheriff, showing that he served this order upon the defendant by delivering to him personally a true and certified copy of the same.

It is also true that at a later date the administrator of Lillian J. Hallgren's estate was required to attend, and was examined before the court itself, as provided in sections 25-1570 and 25-1571, R. S. 1943, and disclosed that he held property belonging to the judgment debtor, the defendant being in court, and his attorney cross-examined the administrator, as shown in the decree.

It may be contended that the distributive share of the judgment debtor, which is in process of administration in the county court, is immune from process under the doctrine of custodia legis, as was the general rule under the common law. See 4 Am. Jur., Attachment and Garnishment, s. 412, p. 812. But our court has for over 50 years shown that there are many exceptions to this rule. In *Oppenheimer v. Marr*, 31 Neb. 811, 48 N. W. 818, it was held that money in the hands of the sheriff might be garnisheed.

In the recent case of *Orchard & Wilhelm Co. v. North*, 135 Neb. 39, 280 N. W. 272, this matter is discussed at some length, and it is said that, if an officer of a court has been ordered to pay over money in his custody, nothing remains except to pay it over.

This court has said: "A creditors' suit may be maintained to impress a lien upon the distributive share of a judgment debtor in a decedent's estate, which is in process of administration in the county court, and to require the administrator or executor to account for it, after order of distribution by the county court, to the clerk of the district court or to a receiver appointed for that purpose." *Fremont Farmers Union Cooperative Ass'n v. Markussen*, 136 Neb. 567, 286

N. W. 784, 123 A. L. R. 1287. The syllabus just quoted is used as the topic for an extensive annotation in 123 A. L. R., beginning at page 1293, in which cases supporting this statement of the law are cited from a majority of the states of the Union.

Again, in this same case, it is said: "The immunity of the custodia legis doctrine should not be extended beyond the actual demonstrated necessities of a particular situation, since otherwise courts will be making of themselves a sanctuary for property of a dishonest or elusive debtor, on the pretext of safeguarding their officers and agencies from theoretical inconveniences and conjectural confusions. The first concern of a court must always be its availability to a suitor and the fullness of its ability to serve, rather than the convenience of its own officers."

It appears to this court that it is not only proper but it is the duty of the district court, in a proceeding in aid of execution, such as the case at bar, where it is disclosed by the evidence of an administrator of an estate that a judgment debtor has an interest in a distributive share in such estate, to impress a lien upon such share.

In our opinion, the trial court erred in denying the motion of the assignee of the plaintiff to impress a lien for the unpaid portion of the judgment upon the share of the defendant in the estate of his wife, insofar as the same was not exempt to him by law.

REVERSED.

CARTER, J., not participating.