Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
09/14/2018 08:10 AM CDT

- 289 -

Nebraska Supreme Court Advance Sheets
300 Nebraska Reports
SHAWN E. ON BEHALF OF GRACE E. v. DIANE S.
Cite as 300 Neb. 289

Shawn E. on behalf of Grace E.,
a minor child, appellant, v. Diane S.
and State of Nebraska, appellees.
___ N.W.2d ___

Filed June 22, 2018.    No. S-17-074.

1. **Jurisdiction: Appeal and Error.** A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law.
2. **Moot Question: Appeal and Error.** An appellate court may choose to review an otherwise moot case under the public interest exception if it involves a matter affecting the public interest or when other rights or liabilities may be affected by its determination.
3. **Moot Question: Words and Phrases.** The public interest exception requires a consideration of the public or private nature of the question presented, the desirability of an authoritative adjudication for future guidance of public officials, and the likelihood of future recurrence of the same or a similar problem.
4. **Garnishment.** Garnishment in aid of execution is a provisional remedy created by statute directing the procedure to obtain such relief.
5. **Final Orders: Words and Phrases.** A substantial right is an essential legal right.
6. **Final Orders: Appeal and Error.** A substantial right is affected if an order affects the subject matter of the litigation, such as diminishing a claim or defense that was available to an appellant before the order from which an appeal is taken.
7. **Final Orders: Dismissal and Nonsuit: Appeal and Error.** Without a final order, an appellate court lacks jurisdiction and must dismiss the appeal.

Petition for further review from the Court of Appeals, Moore, Chief Judge, and Riedmann, Judge, and Inbody,

- 290 -

Nebraska Supreme Court Advance Sheets
300 Nebraska Reports
SHAWN E. ON BEHALF OF GRACE E. v. DIANE S.
Cite as 300 Neb. 289

Judge, Retired, on appeal thereto from the District Court for Buffalo County, John H. Marsh, Judge. Judgment of Court of Appeals affirmed.

Shawn E., pro se.

Shawn R. Eatherton, Buffalo County Attorney, and Kari R. Fisk for appellee State of Nebraska.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, and Papik, JJ., and Hall, District Judge.

Cassel, J.

## INTRODUCTION

As a matter of first impression, we consider whether a judgment debtor who, using the procedure specified in Neb. Rev. Stat. § 25-1011 (Reissue 2016), unsuccessfully objects to a garnishment may immediately appeal. Because we conclude that a substantial right is not affected until judgment is entered in the garnishment, an appeal must wait. The Nebraska Court of Appeals correctly dismissed Shawn E.'s premature appeal for lack of jurisdiction, and we affirm its decision.

## BACKGROUND

The State of Nebraska initiated a garnishment action against Shawn, an inmate residing at the Nebraska State Penitentiary, alleging that he owed $3,097.67 in past due child support and $2,499.54 in medical support for a total of $5,597.21. It caused a summons and order of garnishment to be sent to "the garnishee, [the] Nebraska Department of Corrections," to recover money in its possession belonging to Shawn.

Shawn requested a hearing, asserting that he did not owe the amount of the judgment. A hearing was held, during which Shawn appeared telephonically. The State offered certified copies of Shawn's Department of Health and Human Services child support payment history and medical support payment history, which were received into evidence. The court took

- 291 -

Nebraska Supreme Court Advance Sheets
300 Nebraska Reports
SHAWN E. ON BEHALF OF GRACE E. v. DIANE S.
Cite as 300 Neb. 289

judicial notice of a journal entry establishing Shawn's child support obligation in the amount of $379 per month and cash medical support obligation in the amount of $62 per month. It also took judicial notice of a second journal entry suspending the child support portion of the prior order.

At the hearing, Shawn argued that he did not owe the amount alleged and that there was no way he could make the payments the State claimed he owed. He further alleged that the Department of Health and Human Services "is charging me $62 . . . per month . . . for services that my daughter is not receiving."

The court noted that the cash medical support obligation was never suspended and that the child support arrearage was for arrearage accumulated prior to the suspension of the child support. It therefore found that Shawn's arguments were not a defense to the fact that the debt was owed or that garnishment was appropriate.

Shawn requested a continuance so he could call on witnesses to determine that the "$62 is also suspended" and that the child's mother does not receive services from the Department of Health and Human Services. The district court denied this request and overruled Shawn's objection to the garnishment. In its journal entry and order overruling the objection, it ordered that "the garnishment may proceed."

Shawn appealed and assigned that the district court erred in (1) ordering the garnishment "to proceed on the finding that [he] owes $5,597.27" and (2) disregarding his verbal motion for a continuance.

But, before considering these arguments, the Court of Appeals addressed whether it had jurisdiction in a memorandum opinion filed January 24, 2018. It concluded that because the order did not determine that the State was entitled to funds held by the garnishee and did not order any execution of a garnishment, the order did not affect Shawn's substantial rights. Furthermore, it noted that Shawn's rights could be effectively vindicated in an appeal from the final judgment. Finding no

- 292 -

Nebraska Supreme Court Advance Sheets
300 Nebraska Reports
SHAWN E. ON BEHALF OF GRACE E. v. DIANE S.
Cite as 300 Neb. 289

final order, the Court of Appeals determined that it lacked jurisdiction and dismissed the appeal.

We granted Shawn's petition for further review.

## ASSIGNMENT OF ERROR

Shawn asserts that he appealed from a final order, because the order that the garnishment "may proceed" affected a substantial right and was made in a special proceeding.

## STANDARD OF REVIEW

[1] A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law.[1]

## ANALYSIS

At oral argument, the State confessed that it was abandoning the garnishment in light of the garnishee's answers to interrogatories showing only $0.07 belonging to Shawn. Thus, the State suggests that the appeal may be moot.

[2,3] However, an appellate court may choose to review an otherwise moot case under the public interest exception if it involves a matter affecting the public interest or when other rights or liabilities may be affected by its determination.[2] The public interest exception requires a consideration of the public or private nature of the question presented, the desirability of an authoritative adjudication for future guidance of public officials, and the likelihood of future recurrence of the same or a similar problem.[3] Because the finality of orders overruling judgment debtors' objections under § 25-1011 is a public matter deserving authoritative adjudication for future guidance of public officials and is likely to recur, we choose to review the matter.

Shawn argues that the district court's order was a final order, because it affected a substantial right and determined the

---

[1] *Deleon v. Reinke Mfg. Co.*, 287 Neb. 419, 843 N.W.2d 601 (2014).

[2] *Nesbitt v. Frakes, ante* p. 1, ___ N.W.2d ___ (2018).

[3] *Id.*

- 293 -

Nebraska Supreme Court Advance Sheets
300 Nebraska Reports
SHAWN E. ON BEHALF OF GRACE E. v. DIANE S.
Cite as 300 Neb. 289

outcome in a special proceeding. While it is well established that garnishment in aid of execution is a legal statutory remedy, we have not always been consistent in describing its nature.[4] At various times we have described garnishment as a legal action[5] or as a special proceeding,[6] and we have even alluded to a challenge to a garnishment as a summary application in an action after judgment is rendered.[7] But, we need not resolve this tangle of garnishment precedents. Clearly, there was no judgment in the garnishment proceeding. And all three types of final orders require that the order affect a substantial right. Here, no substantial right was affected, which is dispositive.

It is first helpful to summarize the procedure for a garnishment in aid of execution. Because this appeal does not involve the garnishment of wages, we omit those statutes which impose additional requirements for the garnishment of wages.

## Garnishment Procedure

[4] Garnishment in aid of execution is a provisional remedy created by statute directing the procedure to obtain such relief.[8] A judgment creditor seeking a garnishment in aid of execution begins by filing an affidavit and praecipe for summons, alleging that the garnishee has property of or is indebted to the judgment debtor.[9] The court then issues a summons and interrogatories to be completed by the garnishee.[10]

---

[4] See, e.g., *ML Manager v. Jensen*, 287 Neb. 171, 842 N.W.2d 566 (2014) (legal proceeding); *NC+ Hybrids v. Growers Seed Assn.*, 219 Neb. 296, 363 N.W.2d 362 (1985) (incident to judgment or ancillary procedure), *disapproved on other grounds, ML Manager, supra* note 4.

[5] See *Barnett v. Peters*, 254 Neb. 74, 574 N.W.2d 487 (1998).

[6] See *Western Smelting & Refining Co. v. First Nat. Bank*, 150 Neb. 477, 35 N.W.2d 116 (1948).

[7] See *Cattle Nat. Bank & Trust Co. v. Watson*, 293 Neb. 943, 880 N.W.2d 906 (2016).

[8] *Early v. Belgrade-Hord Co.*, 133 Neb. 884, 277 N.W. 596 (1938).

[9] Neb. Rev. Stat. § 25-1056(1) (Reissue 2016).

[10] *Id.*

- 294 -

Nebraska Supreme Court Advance Sheets
300 Nebraska Reports
SHAWN E. ON BEHALF OF GRACE E. v. DIANE S.
Cite as 300 Neb. 289

When the summons and interrogatories are issued, § 25-1011 provides that a judgment debtor has the right to (1) receive notice of garnishment action by certified mail and (2) a hearing if the judgment debtor (a) believes the court should not allow a garnishment either because the funds sought are exempt or because the requested amount is not owed on the judgment and (b) timely requests a hearing on the issue. It is clear from the record that Shawn followed this procedure in challenging the garnishment.

Although the hearing procedure of § 25-1011 became a part of that section in 1988,[11] we have not addressed the finality of an order denying relief to a judgment debtor following such a hearing. We granted further review to do so.

The procedure for what follows an unsuccessful § 25-1011 challenge is not specifically laid out by statute. However, § 25-1056(1), which sets forth the general procedure for garnishments, provides in part, "Except when wages are involved, the garnishee shall hold the property of every description and the credits of the defendant in his or her possession or under his or her control at the time of the service of the summons and interrogatories *until the further order of the court*." (Emphasis supplied.) This would suggest that even if the challenge is overruled—i.e., the court determines that the funds are not exempt and that the requested amount is owed on the judgment—the court must still enter a final judgment ordering the delivery of the judgment debtor's property to the judgment creditor, in which case the judgment debtor's entitlement to his or her property held by the garnishee is not affected until that final judgment.

## Substantial Right Analysis

[5,6] A substantial right is an essential legal right.[12] A substantial right is affected if an order affects the subject matter of the litigation, such as diminishing a claim or defense that was

---

[11] See 1988 Neb. Laws, L.B. 1030, § 14.

[12] See *Cattle Nat. Bank & Trust Co. v. Watson, supra* note 7.

- 295 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
300 NEBRASKA REPORTS
SHAWN E. ON BEHALF OF GRACE E. v. DIANE S.
Cite as 300 Neb. 289

available to an appellant before the order from which an appeal is taken.[13]

In the context of garnishment proceedings, we have held that an order affected a substantial right where it "authorized the seizure of property or money that would otherwise have remained in the [appellants'] ownership and control."[14] However, the order here did not authorize the execution of a garnishment and did not determine that the State was entitled to the requested funds.

Shawn suggests that the order affected a substantial right by providing that the garnishment "may proceed," "because it implicates all manner of means of attachment provided for under title IV-D of the Social Security Act."[15] However, no attachment was actually ordered. Consequently, Shawn's right to the funds was not affected. And, although the order diminished Shawn's defense that the amount alleged was not owed under the judgment, this claim can be effectively vindicated on appeal from the final judgment.

[7] Because the order overruling Shawn's challenge to the garnishment did not affect a substantial right, it was not a final, appealable order. Without a final order, an appellate court lacks jurisdiction and must dismiss the appeal.[16] The Court of Appeals correctly did so, and we affirm its action.

## CONCLUSION

Shawn prematurely appealed from a nonfinal order. Because the Court of Appeals correctly determined that it lacked jurisdiction, we affirm its decision dismissing the appeal.

AFFIRMED.

---

[13] *Id.*

[14] *Id*. at 968, 880 N.W.2d at 926.

[15] Brief for appellant in support of petition for further review at 4.

[16] *Connelly v. City of Omaha*, 278 Neb. 311, 769 N.W.2d 394 (2009).