ARLINGTON STATE BANK ET AL., APPELLANTS, V. EDMUND PAULSEN ET AL., APPELLEES.

FILED OCTOBER 5, 1899.  NO. 8,608.

1. **Review: QUESTIONS BELOW.** A question not litigated in the court below will not ordinarily be considered by this court.

2. **Executors: UNAUTHORIZED CONVEYANCES: ESTOPPEL.** Executors who have made conveyances in violation of the terms of the will under which they are administering an estate are not estopped in their representative capacity from denying that the conveyances are invalid, and that they do not transfer the title or interest of the devisees.

3. ————: ————: ————. Executors who attempt to transfer the entire estate in land to a third person, who executes a mortgage thereon, and uses the proceeds for the benefit of the estate, are, as devisees, estopped from denying that the title passed by the conveyance, or that the mortgage is valid.

4. ————: ————: ————. And in such case the estoppel is binding upon the creditors of such devisees.

5. **Rights of Creditors.** Except in cases of fraudulent conveyances, a creditor can reach nothing more than the right, title and interest of his debtor in the property seized.

REHEARING of case reported in 57 Nebr., 717. *Former judgment vacated, and judgment below affirmed.*

*E. Wakeley, A. C. Wakeley, Paul Charlton* and *C. A. Baldwin,* for appellants.

*Hamilton & Maxwell, Cowin & McHugh* and *F. A. Brogan, contra.*

SULLIVAN, J.

At the January term a judgment was rendered reversing the decree of the district court, and remanding the cause with directions to award subrogation to the United States National Bank and the Omaha Loan & Trust Company. See *Arlington State Bank v. Paulsen,* 57 Nebr., 717, 78 N. W. Rep., 303. Afterwards, on the motion of the Arlington State Bank and the Blair State Bank, a rehearing was allowed, and the cause having been orally argued is again submitted. It will not be necessary to recount here the events out of which the litigation has arisen. The original opinion contains an accurate statement of all the facts necessary to a comprehension of the case.

The principal contention of counsel for appellants is that the question of subrogation was not properly presented for decision, and that the conclusion announced upon that subject is, in any view of the case, unwarranted. It may be that the views expressed in the opinion are radical; that the decision is a new development of the doctrine of subrogation, and that it goes too far. The question is an important one, but we will not stop now to determine it, because it appears incontestably from the record that the right of appellees to subrogation was neither claimed nor litigated in the court below. The correctness of the former decision on this branch of the case will, therefore, remain an open question.

Upon two other points we were mistaken. In the opinion of Commissioner RAGAN it is said that the executors were not estopped from denying that any title or interest passed by the deeds to Lammrich and the mortgages to the appellees. Doubtless as executors they were not estopped, but as devisees they certainly were. Beyond all question they intended to convey to Mrs. Lammrich the entire estate in the land, so that she might borrow money thereon. They expressly covenanted that the fee was conveyed, and she, in the mortgages, covenanted that she was the owner of the fee. On these instruments the exec-

utors obtained appellees' money, which has been used directly or indirectly for their individual benefit. It would be strange, indeed, if these equitable owners of the land could, in a court of conscience, repudiate the conveyances while retaining the money which was obtained through their execution. That they are estopped, under these circumstances, from denying the validity of the appellees' mortgages is, we think, fully established by *Wells v. Steckelberg*, 52. Nebr., 597.

It was also said, or implied, in the opinion of Commissioner RAGAN that if the executors are estopped from denying that the mortgages are valid liens on their individual interest in the property, such estoppel is not binding upon their creditors. This is not a correct statement of the law. Estoppels would be of slight practical value in the administration of justice, if they interposed no barrier to the creditors of the persons estopped. Except in cases of fraudulent conveyances, the creditor can reach nothing more than his debtor's right, title and interest in the property seized. The law can not transfer to a purchaser at an execution or judicial sale a right in property which it does not recognize as belonging to the debtor.

The law does not recognize appellants' judgment-debtors as having an interest in the land in question, freed from the appellees' mortgages. The appellants cannot reclaim what their debtors have lost by estoppel. The judgment heretofore rendered by this court is set aside, and the decree of the district court is, in all things,

AFFIRMED.