FRANK H. PARSONS, APPELLEE, v. JOHN T. CATHERS ET AL. APPELLANTS.

FILED NOVEMBER 27, 1912.   No. 16,817.

1. Creditors' Suit: EXHAUSTION OF REMEDIES AT LAW. For the purpose of maintaining a creditor's bill, proof of a judgment at law, of the issuance of an execution, and of a sheriff's return *nulla bona*, is sufficient, in the absence of fraud or collusion, to show that plaintiff's remedies at law have been exhausted.

2. ———: PROPERTY SUBJECT: JUDGMENT AGAINST CITY. In equity, the interest of a judgment debtor in a judgment against a city may, in a proper case, be subjected to the claim of his judgment creditor.

3. ———: SALE OF COLLATERAL PENDING SUIT. Failure of a court of equity to dismiss a creditor's bill, on an answer alleging that

plaintiff has possession of unsold collateral security for his judgment, *held* not reversible error in a record which shows that plaintiff, before filing his reply, sold the collateral and applied the proceeds in part payment of his claim, that the case was tried on pleadings raising all the issues essential to an adjudication of the rights of the parties, and that no one was prejudiced by the procedure adopted by the trial court.

4. **Fraudulent Conveyances:** EVIDENCE. Decree upholding a conveyance from a husband to his wife *held* proper under the evidence, though assailed as fraudulent in a creditor's bill.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Affirmed.*

*J. O. Detweiler,* for appellants.

*Charles Battelle* and *J. F. Stout,* contra.

ROSE, J.

This is a creditor's bill in which plaintiff seeks to collect a judgment for $8,369.88, rendered August 14, 1909, in the district court for Douglas county, against John T. Cathers and others. The suit wherein the judgment was rendered was commenced April 28, 1894, and the liability of Cathers was that of surety on a promissory note for $5,000, dated April 8, 1892, and payable to the McCague Savings Bank. Plaintiff succeeded to the rights of the payee. Execution was issued and returned *"nulla bona."* The property which the court is asked to subject to the payment of the judgment consists of three items: (1) A lot in Omaha, conveyed January 7, 1898, by Cathers to his wife, through a trustee, it being alleged that the conveyance was made without consideration, with the intent to hinder, delay and defraud plaintiff in collecting his claim against grantor. (2) Unpaid awards of $1,245 against the city of Omaha in favor of the wife, the city having appropriated to public purposes part of the lot conveyed to her, and the amount recovered by her being the value of the property thus taken. (3) The interest of Cathers in two unpaid judgments against the city of

Omaha, one rendered in favor of Anna J. Robinson, November 30, 1907, for $1,640, and the other rendered in favor of Rhoda Gilliland, March 27, 1909, for $1,500, Cathers having filed an attorney's lien for one-half of each of the two judgments. The principal debtors and Cathers and wife and other persons claiming an interest in the property in controversy are defendants herein. The answer contains a denial that the conveyance from Cathers to his wife was made without consideration, or to defraud plaintiff, or to hinder or delay him in collecting his claim. On the contrary, it is alleged that the conveyance was executed in good faith for the full consideration of $5,087.92. Other matters pleaded in defense are that the creditor's bill was prematurely filed; that Cathers was a surety only; that plaintiff held as collateral security for the payment of his claim 20,000 shares of capital stock of the Colorado Gold, Silver & Lead Mining Company, property alleged to be of great value belonging to the principal debtors; and that the collateral described, though in control of plaintiff, was never sold or in any way applied to the payment of the note on which Cathers was surety. In a reply plaintiff states that on February 24, 1910, a date subsequent to the filing of the answer to the creditor's bill, he sold the collateral at public sale, after due notice, for $100, and credited the proceeds on his judgment. The trial court upheld the conveyance from Cathers to his wife, and declined to apply the latter's awards against the city of Omaha on plaintiff's judgment, but subjected thereto the attorney's liens on the judgments against the city of Omaha. Cathers and wife appealed, and plaintiff filed a cross-appeal. After the record was filed in this court, Cathers died, and the case was revived in the name of his wife, Louisa E. Cathers, as administratrix of his estate.

Should the creditor's bill be dismissed because the action was prematurely brought? It is argued that relief was erroneously granted to plaintiff because his pleadings and proofs do not show that he exhausted his legal reme-

dies before bringing his suit in equity. This proposition is based on the assertion that property subject to execution was not sold before the filing of the creditor's bill. The record shows that plaintiff pleaded and proved his judgment, and that an execution was issued thereon and returned *nulla bona*. Nothing more could be done without the aid of equity. *First Nat. Bank v. Gibson*, 60 Neb. 767. Fraud or collusion on the part of the sheriff in performing his duties under the writ or in making his return is not shown. Under the circumstances plaintiff was not required to impeach the officer's return or to show by additional evidence that neither the principal debtors nor the surety had any property subject to execution. In absence of fraud or collusion on the part of the officer, the judgment, the execution and the sheriff's return were sufficient evidence that the remedy at law was inadequate. *Weaver v. Cressman*, 21 Neb. 675; *First Nat. Bank v. Gibson*, 60 Neb. 767; *Cochran v. Cochran*, 62 Neb. 450; *Nebraska Nat. Bank v. Hallowell*, 63 Neb. 309; *Howard v. Raymers*, 64 Neb. 213; *Coffield v. Parmenter*, 2 Neb. (Unof.) 42.

It is further argued that the funds burdened with the attorney's lien, while under the control of the city of Omaha, cannot be impounded or subjected to the payment of plaintiff's judgment. The city of Omaha is a defendant, and at the trial did not resist the making of an order directing payment of those funds to plaintiff. The statute creating a remedy in aid of execution provides: "Where a judgment debtor has not personal or real property subject to levy on execution, sufficient to satisfy the judgment, any interest which he may have in any banking, turnpike, bridge, or other joint stock company, or any interest he may have in any money, contracts, claims, or choses in action, due or to become due to him, or in any judgment or decree, or any money, goods, or effects which he may have in possession of any person, body-politic, or corporate, shall be subject to the payment of such judgment by proceedings in equity, or as in this chapter prescribed." Code, sec. 532. In direct terms the equitable

remedy extends to the interest of a judgment debtor in a judgment against a "body-politic, or corporate." The remedy in aid of execution does not exclude relief in equity. *Monroe v. Reid, Murdock & Co.*, 46 Neb. 316. It follows that this point, on the record presented, is not well taken.

Should the action be dismissed because plaintiff, before filing his creditor's bill, failed to sell the collateral security in his hands and apply the proceeds on his claim? That defense was pleaded in an answer filed by Cathers January 24, 1910. The court of equity had acquired jurisdiction. In a reply plaintiff alleged that he sold the collateral February 24, 1910, and applied the proceeds on his claim. Fraud or illegality in the sale is not shown. At the time of the trial, therefore, this feature of the defense had no existence as originally pleaded. The proceeds of the collateral paid a small part of the debt. Leviable property subject to execution and the collateral were wholly insufficient for the satisfaction of the judgment in favor of plaintiff, when the creditor's suit was tried. Equitable relief was not granted before the remedies at law had been exhausted. Had the suit been dismissed under these circumstances, the parties would necessarily have been burdened with the costs and expenses incident to the bringing and prosecuting of a second suit of the same nature as the first. In *Haffey v. Lynch*, 143 N. Y. 241, the court said: "Equity courts, in awarding relief, generally look at the conditions existing at the close of the trial of the action and adapt their relief to those conditions. The plaintiff, in an equity action, as a general rule, should not be turned out of court on account of any defense interposed to his action, if at the time of the trial the facts are such that, if he then commenced his action, he would be entitled to the equitable relief sought." For these reasons, the case having been tried below under pleadings raising all the issues essential to an adjudication of the rights of the parties, the action will not now be

37

dismissed, since no one was prejudiced by the trial court's procedure.

Was the conveyance from Cathers to his wife fraudulent? Both testified that early in their married life the wife received from her father's estate, from a life insurance company, and from the sale of stock of the Chartiers Valley Railroad Company various sums of money aggregating several thousand dollars; that this money was turned over to the husband under an agreement to return it, and that he never did so until he deeded her the lot in controversy in fulfilment of his promise. Cathers testified, also, that the consideration mentioned in the deed was the amount received from his wife, with interest. There is proof that the wife, when she accepted the deed, had no knowledge of her husband's liability as surety; that the husband then thought his liability was fully protected by collateral security; that plaintiff, for many years, made no effort to bring his suit on the note to trial, and that Cathers, before, and two years after, the conveyance to his wife, retained in his own name title to a large tract of valuable land near Omaha. Plaintiff made no effort to contradict this testimony by direct proof. When it is all considered with the entire record, the trial court's finding against plaintiff on the issue of fraud in the conveyance from Cathers to his wife appears to be correct. It necessarily follows that plaintiff is not entitled to the awards against the city of Omaha for that part of grantee's lot taken for public purposes. There is no error apparent in the proceedings below. Neither appellants nor cross-appellant having obtained relief in this court, the costs here will be equally divided between them.

AFFIRMED.