AMERICAN STATE BANK OF SPRINGFIELD, APPELLEE, V. DAN P. PHELPS ET AL., APPELLEES: EASTLAKE STATE BANK OF EASTLAKE, COLORADO, INTERVENER, APPELLANT.

FILED OCTOBER 24, 1930. No. 27360.

*D. O. Dwyer*, for appellant.

*Patrick & Smith* and *Nickerson & Nickerson, contra.*

Heard before Goss, C. J., Rose, Dean, Good, Thompson and Day, JJ., and Redick, District Judge.

Rose, J.

Plaintiff commenced this proceeding in the district court for Sarpy county to garnish in the hands of an administrator an heir's distributive share of decedent's estate as determined by the county court of Sarpy county in an order of distribution.

The American State Bank of Springfield, plaintiff, recovered in the district court for Sarpy county a judgment for $3,635.98 against Dan P. Phelps, defendant, and afterward procured from the same court a process in garnishment directed to William J. Morrison who, by order of the county court, was administrator of the estate of Julia Ann Phelps, deceased. The purpose of the garnishment was to require Morrison, the administrator, as garnishee to apply on the judgment in favor of plaintiff in the district court defendant's distributive share of the Phelps estate as determined by the county court. The answer of the garnishee contains pleas that he has in his hands $190.67 as the distributive share of defendant in the Phelps estate, as decreed by the county court; that the fund is in the custody or keeping of the law, subject to the order of the county court, and that consequently the district court is without jurisdiction to garnish the money in his hands as administrator; that the Eastlake State Bank of Eastlake, Colorado, claims the fund by assignment, and threatens to sue garnishee on his bond as administrator, if he disburses the fund pursuant to the order of the district court. The Eastlake State Bank of Eastlake, Colorado, intervened in the garnishment pro-

ceeding and challenged the jurisdiction of the district court to garnish the distributive share of defendant in the hands of the administrator, as decreed by the county court, being the court of original jurisdiction in the settlement of estates of deceased persons.

Upon a trial of the issues the district court overruled the objection to jurisdiction and ordered the garnishee to pay $190.67, the fund in controversy, to the clerk of the district court to apply on the judgment in favor of plaintiff and against defendant for $3,635.98. Intervener appealed.

Upon appearing at the bar to discuss the merits of the case, counsel for plaintiff and appellee challenged orally for the first time the brief of intervener and appellant on the ground that it did not contain a formal assignment of error. The challenge is overruled for the following reasons: In the brief, following a statement of the case, it is clearly and concisely stated that the only issue is the jurisdiction of the district court to subject the administrator in the county court to the process of garnishment from the district court. While this is not formally designated an "assignment of error," it may properly be treated as such, under the circumstances. Furthermore, the supreme court, at its option, may consider a plain error not specified in appellant's brief. Comp. St. 1922, sec. 9144.

Did the district court have jurisdiction to order the administrator in the county court to apply on the judgment in favor of plaintiff in the district court the defendant's distributive share of decedent's estate? The question does not seem to be an open one in Nebraska. Recognizing a conflict of authority on this subject and citing cases, it was said in *Scott v. Rohman*, 43 Neb. 618, 628:

"The question presented by the record to be determined is whether a judgment debtor in the district court of this state is liable to garnishment proceedings issued out of the county court. There is an irreconcilable conflict in the authorities bearing upon the subject. Some decisions are to be found in the books which assert that a judgment debtor in one court may be garnished on process issued out of another court. * * * The majority of the cases, and the more

recent decisions, sustain the doctrine that a debt reduced to a judgment is liable to garnishment when the process of garnishment issues from the same court, but not otherwise."

In that case the general rule adopted was stated in this language:

"A judgment debtor is liable to the process of garnishment, when the two actions are brought in the same court, but not otherwise."

The view thus expressed is supported by the weight of authority as shown by cases collected in a note in L. R. A. 1917D, 1139. The opinion in *Scott v. Rohman,* 43 Neb. 618, was reported in 1895 and has never been modified or overruled. The necessity of avoiding a conflict of judicial authority was given in the opinion as a reason for the rule adopted. In this connection plaintiff argues that the principle quoted does not control the present controversy, saying:

"In the case at bar, the interest of the debtor had been definitely fixed by the final decree of the county court of Sarpy county. Nothing further remained to be done by the county court and a conflict of judicial authority was not possible."

The position thus taken is untenable. The county court in the exercise of original jurisdiction ordered the administrator to turn over to defendant as an heir the latter's distributive share of decedent's estate. The order was a judgment against the administrator. It adjudicated his indebtedness to defendant, an heir. There was no appeal. The judgment was unsatisfied when the process in garnishment was issued. At that time the county court had jurisdiction to enforce payment of its own judgment by execution against the administrator. *Lydick v. Chaney,* 64 Neb. 288. The orders in the different jurisdictions were conflicting. The county court ordered the administrator to pay the fund in controversy to defendant and the district court ordered him to pay the same fund to plaintiff. The decision of the district court in the case at bar is at variance with the established rule in Nebraska. The judgment from

which the appeal was taken is therefore reversed and the proceeding in garnishment dismissed at the cost of plaintiff in both courts.

REVERSED AND DISMISSED.