FREMONT FARMERS UNION COOPERATIVE ASSOCIATION, AP-
PELLANT, V. ALVAH MARKUSSEN ET AL., APPELLEES.

286 N. W. 784

FILED JULY 3, 1939. No. 30502.

*John L. Cutright* and *Seymour S. Sidner*, for appellant.

*Courtright, Sidner, Lee & Gunderson* and *William H. Lamme, contra.*

Heard before SIMMONS, C. J., EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

JOHNSEN, J.

This is a proceeding in the nature of an equitable garnishment or creditors' suit against the administrator of an intestate's estate and one of the next of kin, to subject the latter's interest in the estate to the satisfaction of some judgments, on which execution at law had been returned unsatisfied. The suit was instituted in the district court for Dodge county, and the estate was being administered in the county court of that county. No decree of heirship or order of distribution had as yet been entered by the county court, but the petition alleged that the judgment debtor would ultimately be entitled to a distributive share in cash,

out of such estate, sufficient to satisfy plaintiff's judgments. The trial court sustained a demurrer to the petition, and, on plaintiff's election to stand on its pleading, dismissed the action.

The appeal involves two questions: (1) Can a suit in equity be maintained to subject, to the satisfaction of a judgment, property which cannot be reached by execution or garnishment at law, where no other independent ground of chancery jurisdiction, such as fraud or trust, is involved? (2) If so, can such a suit be maintained to reach a next of kin's distributive share in a decedent's estate which is in process of administration in the county court?

On the first question, the courts are in hopeless conflict. 5 Pomeroy, Equity Jurisprudence (2d ed.) sec. 2300. The right, in the absence of statutory authorization, to grant such relief, except as an incident in the assumption of chancery jurisdiction on some other recognized ground, such as fraud or trust, has been vigorously denied. *Donovan v. Finn,* Hopk. Ch. (N. Y.) 59; *Greene v. Keene,* 14 R. I. 388; *Harper v. Clayton,* 84 Md. 346, 35 Atl. 1083. This is the rule that, after some vacillation, finally has been adopted by the English courts. 15 C. J. 1383. On the other hand, it has been asserted, with equal force, that the granting of such relief, even where no other ground of equity jurisdiction is present, is a necessary inference from the inherent purpose of chancery to provide a remedy where the inflexible processes and strict rules of legal justice fail. *Pendleton v. Perkins,* 49 Mo. 565; *Bay State Iron Co. v. Goodall,* 39 N. H. 223. The United States supreme court, in *Ager v. Murray,* 105 U. S. 126, 26 L. Ed. 942, declared that it is within the general jurisdiction of a court of chancery to assist a judgment creditor to reach and to apply to the payment of his debt any property of the judgment debtor which, by reason of its nature only, and not by reason of any positive rule exempting it from liability for debt, cannot be taken on execution at law.

In many states statutes have been enacted to remove all doubt as to the power of a chancery court to act in such a

situation. 14 Am. Jur. 682. In this state, section 20-1565, Comp. St. 1929, which is part of the statutes relating to proceedings in aid of execution, provides: "Where a judgment debtor has not personal or real property subject to levy on execution, sufficient to satisfy the judgment, any interest which he may have in any banking, turnpike, bridge, or other joint stock company, or any interest he may have in money, contracts, claims or choses in action, due or to become due to him, or in any judgment or decree, or any money, goods or effects which he may have in possession of any person, body politic or corporate, shall be subject to the payment of such judgment by proceedings in equity, or as in this chapter prescribed."

This provision has been recognized by the courts as conferring jurisdiction in creditors' suits, without the necessity of any other ground of chancery jurisdiction. In *German Nat. Bank v. First Nat. Bank,* 55 Neb. 86, 75 N. W. 531, it was held: "An action in the nature of a creditors' bill may be maintained by a judgment creditor to reach any assets of the debtor subject to the payment of his debts, which cannot be reached by ordinary process of law." On a second appeal (*German Nat. Bank v. First Nat. Bank,* 59 Neb. 7, 80 N. W. 48) the court, though denying relief under the particular facts involved, recognized the right under this statute to maintain a creditors' suit to subject a chose in action to the satisfaction of a judgment. And in *Parsons v. Cathers,* 92 Neb. 525, 138 N. W. 747, the court upheld the right, under this statute, to subject to the payment of a judgment money owing to the debtor on other judgments in his favor against a municipal corporation, which could not be reached by execution or garnishment at law. The opinion says: "In direct terms the equitable remedy extends to the interest of a judgment debtor in a judgment against a 'body politic or corporate.'"

It must therefore be regarded as definitely established that, under section 20-1565, Comp. St. 1929, it is not necessary to the maintenance of a creditors' suit that some independent ground of chancery jurisdiction, such as fraud

or trust, shall exist, but that such a suit may be maintained by a judgment creditor to reach any assets of his debtor not immediately subject to execution or garnishment at law, which are not exempt by statute or accorded immunity on the ground of public policy.

The exemption rights of the judgment debtor involved are not before us on this demurrer. The sole remaining question, then, is whether a distributive share in a decedent's estate, which is in process of administration in the county court, is to be accorded immunity against a creditors' suit, on the ground of public policy.

In *American State Bank v. Phelps,* 120 Neb. 370, 232 N. W. 612, it was declared to be the established rule in this state that garnishment process at law cannot be made to emanate out of one court against another, and it was held that a distributive share in a decedent's estate in the county court, therefore, was not subject to garnishment in the district court. The possibility of jurisdictional clash from the application of the rigid legal process of one court to the other, upon which that decision rests, is an element, however, which the legislature has not deemed it necessary to recognize in dealing with the more flexible processes of a court of chancery in a creditors' suit under the statute. Section 20-1565 makes *any* interest which a judgment debtor may have in money, contracts, claims or choses in action, due or to become due to him, or in *any* judgment or decree, or *any* money, goods or effects which he may have in possession of *any* person, body politic or corporate, subject to a creditors' suit in equity. No qualification or restriction is imposed. It is not required that the judgment or decree sought to be reached must be one rendered by the court in which the creditors' suit is brought, for that would make the statute add nothing to the legal remedy already available in such a case. Any limitation imposed upon the applicability of the statute, as a matter of public policy, is accordingly one of judicial fostering and not of legislative prescription.

The statute, needless to say, can have no application to

judgments in courts of independent sovereignties, such as those of another state or of the federal government, or to property of a judgment debtor within the control of such courts, because the legislature cannot be permitted to exercise jurisdiction over them. Nor, of course, could the legislature, by this statute, be permitted to obstruct the fundamental functioning of our own state courts. It can hardly be said, however, that to give a chancery court jurisdiction to subject a debtor's interest in a judgment or in property in another court of this state, to a creditors' suit, will necessarily constitute a burdensome obstruction to, and an invalid interference with, the process of judicial administration. The courts of this state are intended to function as a unified judicial system, under the supervision of the supreme court. To admit the possibility of uncontrollable judicial conflict in such a situation is to admit our own weakness in judicial coordination. If a situation should arise where an exercise of the jurisdiction created by statute will effect formidable complications in judicial administration or give rise to injustices not comporting with equitable conscience, the court, as in all cases of chancery jurisdiction, has the right to consider the peculiar facts and circumstances of the particular case, within the bounds of recognized equitable principles, and govern the right to relief accordingly. The denial of relief, however, should rest upon a demonstrated injustice, and not on a theoretical or fanciful possibility of judicial complication, such as that upon which the rule applicable to garnishments at law is based.

The jurisdiction of a chancery court to subject the distributive share in a decedent's estate to a creditors' suit, in accordance with the foregoing views, was expressly recognized by this court in *Arlington State Bank v. Paulsen*, 57 Neb. 717, 78 N. W. 303, where it was held: "The district courts of the state are invested with ample powers * * * on application of a prior judgment creditor of a beneficiary (of an estate) * * * when such creditor has exhausted his legal remedies, to compel the interest of such beneficiary in such

property, if not exempt, to be applied to the payment of his debts."

The opinion in that case says: "Since the title to the testator's lands, upon his death, vested in his executors, the appellants' judgments are not liens thereon. This suit then must be treated as an equitable garnishment brought by appellants against the executors of the testator's estate to reach the interest of the beneficiaries therein who are debtors of the appellants" (p. 745). "The interest which the heirs have in the estate of the testator, though a contingent one, is still an interest—is property not exempt from being applied to the payment of their debts. * * * The appellants cannot sell the interest of the heirs in this real estate on execution. They cannot seize such interest by attachment process. * * * The appellants have exhausted all the legal remedies for the collection of their debts, and now it is said that this is the end of the law. If this is so, it is a reproach to our system of jurisprudence. But we do not think it is so. It has always been one of the powers possessed by courts of equity to compel the application of a debtor's unexempt property to the payment of his debts when the creditor had no other means of redress. * * * In other words, when all other remedies have failed, a court of equity will, at the suit of a creditor, take the unexempt property of a debtor wherever found, in whatever condition it may be, and cause it to be applied toward the payment of his debt" (p. 734).

The judgment in *Arlington State Bank v. Paulsen, supra,* was reversed on rehearing, in 59 Neb. 94, 80 N. W. 263, on other grounds, but the holding as to the right to maintain a creditors' suit to reach a distributive share in a decedent's estate, which is being administered in the county court, was not challenged.

Defendants rely on *Anheuser-Busch Brewing Ass'n v. Hier,* 52 Neb. 424, 72 N. W. 588, to sustain the ruling of the trial court. In that case it was held that a creditors' bill could not be maintained to reach money held by the clerk of the district court in his official capacity, because such

funds were *in custodia legis*. The opinion says: "The rule that personal property *in custodia legis* is not subject to attachment or garnishment was adopted for the protection of the officer, and to avoid collision of authority and conflict of title. And the same principle forbids the maintaining of an independent equitable action to subject money in the hands of the clerk of the court in his official character." From the facts in the opinion, it appears that the funds in the clerk's hands were awaiting payment by him to the defendant in the creditors' suit, and that suit was brought in the same court where the funds were held. The rule that funds so held are *in custodia legis* in such a manner as not to be subject to garnishment was receded from in *Orchard & Wilhelm Co. v. North*, 135 Neb. 39, 280 N. W. 272, to the extent of holding that money in the hands of the clerk of the court for the sole purpose of payment to the judgment debtor was subject to legal garnishment. The facts in *Anheuser-Busch Brewing Ass'n v. Hier, supra,* would therefore no longer be governed by the premise or the principle which the court there invoked.

It remains to be considered whether a distributive share in a decedent's estate, which is in process of administration, should be clothed with judicial immunity against a creditors' suit, under the doctrine of *custodia legis*. It is clear that the court should not restrict the fullness of the legislative remedy created by section 20-1565 beyond the actual necessities of sound public policy. In this connection, therefore, it is to be borne in mind that the doctrine of *custodia legis* is one of practical convenience only, and not *strictissimi juris*. This court has refused to recognize an absolute immunity in all cases, even as against process at law. In *Pitkin v. Burnham*, 62 Neb. 385, 87 N. W. 160, it allowed garnishment of a sheriff or constable with respect to any surplus property seized by him on execution levy, while at the same time denying the right of another officer to make a levy thereon, on the ground that it was *in custodia legis*. In other words, the court in that case applied the *custodia legis* immunity only to the extent that the necessity and

convenience of the situation required. In *Arlington State Bank v. Paulsen, supra,* while the principle of *custodia legis* was not discussed, the court apparently must not have regarded it as a bar to a creditors' suit against the administrator and the next of kin. In *Oppenheimer v. Marr,* 31 Neb. 811, 48 N. W. 818, the following language occurs in the opinion: "There is to be a limit even to the rule of judicial custody."

These principles control the present case. The immunity of the *custodia legis* doctrine should not be extended beyond the actual demonstrated necessities of a particular situation, since otherwise courts will be making of themselves a sanctuary for property of a dishonest or elusive debtor, on the pretext of safeguarding their officers and agencies from theoretical inconveniences and conjectural confusions. The first concern of a court must always be its availability to a suitor and the fullness of its ability to serve, rather than the convenience of its own officers.

The petition in this case states such a cause of action as *prima facie* to entitle plaintiff to relief. If it is subsequently demonstrated, from the pleadings or the evidence, that such inconvenience and confusion will result as to make the granting of relief inequitable, it should, of course, be denied. In the ordinary case, however, no impairing inconveniences can possibly result from subjecting an administrator to such a suit. The district court necessarily cannot make any order that will interfere with the process of administering the estate and making it ready for final distribution. It can, however, implant a lien on such unexempt portion thereof as may be coming to a particular beneficiary, heir, or next of kin, and require the administrator to account for it, after final order by the county court, to the clerk of the district court or to a receiver appointed for that purpose. In this, there can be no more complication than in the obligation of an administrator to account, on final distribution, to the assignee of a next of kin, or to the guardian of a minor or incompetent beneficiary, or to the administrator of one who has died during the pendency of the proceedings.

Indeed, the court has the power, if necessary, to appoint an actual receiver, and to make such formal order as amounts, in legal effect, to an assignment or transfer to him. In *Riggin v. Hilliard*, 56 Ark. 476, 20 S. W. 402, the court in discussing the manner in which a claim owing to a judgment debtor could be subjected to a creditors' suit said: "That can be accomplished under proper orders of the court—as by a sale or compulsory assignment of the debt for the purpose of applying the proceeds."

It follows that the trial court erred in holding that a creditors' suit could not, under any circumstances, be maintained against the administrator of a decedent's estate, which is in process of administration in the county court, and in sustaining a demurrer and dismissing plaintiff's petition on that ground. The jurisdictional question is the only one that has been considered in this opinion.

REVERSED AND REMANDED.