GLADYS M. STEVEN, APPELLEE AND CROSS-APPELLANT, V.
EFFIE LOUISE FORD, EXECUTRIX OF THE ESTATE OF LAURENE
STEVEN, DECEASED, ET AL., APPELLEES, ANDREW J.
MCMULLEN, INTERVENER-APPELLANT AND
CROSS-APPELLEE.
191 N. W. 2d 446

Filed November 5, 1971. No. 37925.

Andrew J. McMullen, pro se.

Oscar A. Drake, for appellee Gladys M. Steven.

Thomas Tye, for appellees Ford et al.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH,
MCCOWN, NEWTON, and CLINTON, JJ.

BOSLAUGH, J.

Gladys M. Steven, the plaintiff, was divorced from
Walter J. Steven, the defendant, on September 12, 1952.
The plaintiff was awarded alimony in the amount of
$22,500 of which $13,100 plus interest was due and un-
paid on May 14, 1969.

Laurene Steven died on May 14, 1969. Her will, which was admitted to probate on August 1, 1969, devised a one-fourth interest in her "farm property" to the defendant, Walter J. Steven. On October 20, 1969, an execution was issued on the alimony judgment and an attempt was made to levy on the undivided interest devised to the defendant. A sale of the interest to satisfy the lien of the judgment was enjoined at the suit of the executrix of the estate of the deceased. The will contained a general power of sale, and on December 10, 1969, the property was sold by the executrix.

This action was brought on May 12, 1970, against the defendant and the executrix to require that the defendant's distributive share in the estate be applied on the alimony judgment. On July 31, 1970, the trial court ordered the executrix to pay the amount of the distributive share, $4,265.70, to the clerk of the district court to abide the judgment in the action.

On July 31, 1970, Andrew J. McMullen obtained leave to intervene in the action. The intervener had obtained a judgment in the amount of $6,750 against the defendant on November 25, 1969, and had made an unsuccessful attempt to proceed in garnishment against the executrix.

The trial court found that the defendant's distributive share in the estate should be applied pro rata to the judgments of the plaintiff and the intervener. The intervener appeals, claiming that the district court erred in not ordering the entire share to be paid to him. The plaintiff cross-appeals, claiming that she is entitled to have the entire share paid to her.

The intervener contends that his attempt to proceed in garnishment against the executrix established a right to the defendant's distributive share in the estate which is superior to that of the plaintiff. The distributive share in the estate was not subject to garnishment while it was in the hands of the executrix. American State Bank of Springfield v. Phelps, 120 Neb. 370, 232 N. W. 612.

Consequently, the intervener's attempt to proceed in garnishment against the executrix was ineffective for any purpose.

The plaintiff claims a superior right to the distributive share on the theory that the defendant received an interest in real estate upon the death of Laurene Steven on May 14, 1969; that this interest was subject to the lien of the alimony judgment which was then of record; and that the plaintiff's lien is prior to any right of the intervener based upon his judgment of November 25, 1969.

The will in this case gave the executrix a general power of sale which was exercised. Thus, the plaintiff's judgment did not become a lien upon the interest of the defendant in the estate of the deceased. See, Stalder v. Stalder, 105 Neb. 367, 180 N. W. 566; Arlington State Bank v. Paulsen, 57 Neb. 717, 78 N. W. 303, judgment vacated on other grounds on rehearing, 59 Neb. 94, 80 N. W. 263. Consequently, the plaintiff's right to the distributive share is derived through this action.

The commencement of the action created a lien in favor of the plaintiff against the defendant's distributive share in the estate. Nowka v. Nowka, 157 Neb. 57, 58 N. W. 2d 600; Hilton v. Clements, 137 Neb. 791, 291 N. W. 483; Flint v. Chaloupka, 72 Neb. 34, 99 N. W. 825. The intervener obtained a lien from the date of the intervention. Merchants' Nat. Bank of Omaha v. McDonald, 63 Neb. 363, 88 N. W. 492, rehearing denied 63 Neb. 377, 89 N. W. 770. The plaintiff and the intervener assumed adversary positions and each claimed the entire fund to the exclusion of the other. Under these circumstances, the plaintiff has a prior lien and the entire fund should be applied toward payment of the plaintiff's judgment.

The judgment of the district court is modified to provide that the fund shall be applied toward the pay-

ment of the plaintiff's judgment only. As so modified, the judgment is affirmed.

AFFIRMED AS MODIFIED.