OTOE COUNTY NATIONAL BANK, APPELLANT, V. WILLIAM J.
FROELICH, JR., APPELLEE, NANCY FROELICH BERIGAN, TRUSTEE
OF THE TESTAMENTARY TRUST OF WILLIAM JOSEPH FROELICH,
DECEASED, GARNISHEE-APPELLEE.

448 N.W.2d 917

Filed December 8, 1989.   No. 87-991.

Emmett D. Childers for appellant.

Thurman Gay for garnishee-appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN,
GRANT, and FAHRNBRUCH, JJ.

FAHRNBRUCH, J.

Otoe County National Bank (Otoe Bank) appeals an order of
the district court for Holt County finding that a garnishment
brought by the bank must fail because William Joseph
Froelich's testamentary trust had never been funded and
because no person ever acted as a trustee. We affirm.

Otoe Bank served garnishment papers upon "Nancy
Froelich Berigan, Trustee of testamentary trust created within
the Estate of William Joseph Froelich, deceased, in County

Court of Holt County, Nebraska, Estate No. 6272." To succeed in this garnishment, it was necessary for the bank to prove by a preponderance of evidence (1) that Nancy Froelich Berigan (Nancy Froelich) at the time of the garnishment was the trustee of William Joseph Froelich's testamentary trust and (2) that as such trustee, Nancy Froelich had funds in her hands belonging to William J. Froelich, Jr. (Bill Froelich), which were subject to garnishment.

"Garnishment is a legal, not an equitable, remedy. The factual findings of the trial court in a law action tried without a jury have the effect of a finding by a jury and, on appeal, will not be set aside unless clearly wrong." *Action Heating & Air Cond. v. Petersen*, 229 Neb. 796, 799, 429 N.W.2d 1, 3 (1988).

William Froelich died February 5, 1980. His last will and testament provided for a marital deduction trust with a power of appointment in his widow and a residuary trust. Under the marital trust, Irma Froelich, William's surviving spouse, was given the net trust income for her life and, under certain conditions, distributions of the corpus. The residuary trust provided income for Irma Froelich and the children and descendants of deceased children of William Froelich. In case of inadequate income from the residuary trust and other sources, distributions of the residuary trust were possible. If Irma Froelich failed to exercise her power of appointment, the residue of the marital trust spilled over into the residuary trust.

The residuary trust was to terminate upon the death of the widow and was to be distributed by right of representation to William Froelich's children and any of a deceased child. Irma Froelich, Charles Froelich, and Nancy Froelich Berigan were named William Froelich's personal representatives and testamentary trustees. A codicil added Bill Froelich as a personal representative and trustee.

When he died, William Froelich was survived by his widow, Irma, and his children, Charles, Bill, James, Nancy, and Mary. One child, James Froelich, was deceased and was survived by his four children at the time of the garnishment hearing. On March 31, 1980, William Froelich's will was admitted to probate in the Holt County Court. Nancy and Bill Froelich declined to serve as personal representatives. Charles and Irma

Froelich initially served as copersonal representatives of the estate. They filed an original inventory in February 1981, showing a net estate value of $1,177,219.48. They also filed a federal estate tax return. An inventory of estate property as of December 1, 1986, was filed on January 6, 1987. It reflected a net estate value of $1,665,981.

Nancy Froelich testified that she succeeded Charles Froelich as a copersonal representative of William Froelich's estate after Charles borrowed money for the use of himself and Bill Froelich. He pledged and sold estate property to clear up the loans and gave promissory notes to the estate. After her mother's death on September 24, 1986, Nancy Froelich filed a petition for formal probate of Irma Froelich's will. Nancy testified that her mother's will was being contested.

Appellant Otoe Bank in 1982 loaned money to an Oklahoma oilfield trucking corporation. Bill Froelich was the corporation's majority stockholder. He and two other individuals personally guaranteed the Otoe Bank loan. The corporation defaulted on the loan and declared bankruptcy. Otoe Bank obtained a federal court judgment for $1,217,720 plus interest, fees, and costs against Bill Froelich. A federal bankruptcy court held that the judgment was not discharged by Bill Froelich's bankruptcy in Florida. The Oklahoma judgment was registered as a foreign judgment in the district court for Holt County. An execution of the judgment was returned unsatisfied. Otoe Bank had summons and interrogatories in garnishment served upon Nancy Froelich as the trustee of the William Froelich testamentary trust. She reported that as trustee she was not indebted to Bill Froelich. Thereupon, Otoe Bank filed an application to hold Nancy Froelich as testamentary trustee liable for the judgment against Bill Froelich. A hearing was held on September 2, 1987, and the court held against Otoe Bank.

In its appeal, Otoe Bank alleges several assignments of error, which may be summarized as claiming that the district court erred in finding that William Froelich's property was held by Nancy Froelich in her capacity as personal representative of William Froelich's estate and that therefore Nancy Froelich would not be subject to garnishment process issued to collect

the foreign judgment against Bill Froelich.

Otoe Bank called Nancy Froelich to testify in support of its position that she was William Froelich's testamentary trustee and that she held trust assets. On direct examination, Nancy testified that she was a trustee and had been performing the duties of a trustee, that the family residence was owned by the trust at the time of the garnishment, that the net proceeds of the sale of some bank shares were invested in securities which were being held by Nancy and her sister, and that Nancy filed fiduciary tax returns in connection with the trust. Any legal conclusions by Nancy Froelich are not binding on the trier of fact. The Froelich home and the securities referred to in Nancy's testimony were listed as assets in the estate inventory filed January 6, 1987. After a hearing, the Holt County Court, on August 7, 1987, held that Charles Froelich contracted away any interest he had in the family home and that the home was an asset of William Froelich's estate.

Moreover, on cross-examination Nancy Froelich testified that neither she, nor Charles Froelich during his tenure as a copersonal representative, ever established a trust. The trial court found there was no evidence that the testamentary trust had ever been funded. Nothing in the inventories or the accounting submitted by the personal representative demonstrates that the trusts were ever funded. The trial court expressly found that no person ever acted or purported to act as a testamentary trustee and that William Froelich's testamentary trust was never funded. That being true, there were no funds subject to garnishment in the hands of Nancy Froelich as testamentary trustee. After a review of the record, we cannot say that the trial court was clearly wrong in finding that Nancy Froelich acted as a personal representative and never as a testamentary trustee, or in finding that the testamentary trust was never funded.

Since funding of William Froelich's testamentary trust was to be from his estate, and since Nancy Froelich never acted as trustee, it follows that any property from her father's estate in her hands was estate property. We have held that an heir's distributive share of a decedent's estate, as decreed by the county court, in the hands of an administrator is not subject to

garnishment under process from the district court. *American State Bank of Springfield v. Phelps*, 120 Neb. 370, 232 N.W. 612 (1930). Further, the evidence only reflects that Bill Froelich *may* have some interest remaining in the estate, but that is subject to any setoffs the estate might properly claim against his distributive share. Nancy Froelich testified that it is her position as personal representative that Bill Froelich owes the estate at least $127,500. The trial court found that it was Nancy Froelich's position that at the time of the garnishment Bill Froelich no longer possessed a distributive share in William Froelich's estate.

Otoe Bank next contends that it is entitled to garnishment under our holding in *First Nat. Bank of Omaha v. First Cadco Corp.*, 189 Neb. 734, 205 N.W.2d 115 (1973). There, we held that when the period of a spendthrift trust has expired and the beneficiary has the unrestricted right to demand the trust res, the property may be reached by garnishment even though the trustee has delayed making actual distribution.

The holding in *First Cadco Corp., supra*, is distinguishable on its facts. In *Cadco*, there was a trustee and a trust res. In the Otoe Bank case, the trial court found that at the time of garnishment no person had acted as a trustee and there was no trust res, since William Froelich's testamentary trust had not been funded. We cannot say that the trial court was clearly wrong in finding those facts to be true. The trial court's judgment is affirmed.

AFFIRMED.