METROPOLITAN UTILITIES DISTRICT OF OMAHA, A MUNICIPAL CORPORATION, APPELLEE, V. DELBERT L. PELTON, APPELLANT.
459 N.W.2d 193

Filed August 10, 1990.    No. 88-648.

Delbert L. Pelton, pro se.

Randall W. Owens for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

GRANT, J.

Defendant-appellant, Delbert L. Pelton, brings this appeal from a judgment of the district court for Douglas County. Plaintiff-appellee, Metropolitan Utilities District of Omaha (MUD), brought an action in district court seeking payment for utilities furnished to 1540 Willis Avenue in Omaha. After a trial where Pelton appeared pro se, the court found in favor of MUD and entered judgment in the amount of $6,733.95. Pelton timely appealed to this court.

Pelton's assignments of error can be summarized as contending that the trial court's finding of defendant's liability for utility debts was based on the erroneous admission of two exhibits. For reasons hereafter stated, the order of the district court is affirmed.

In reviewing the trial court's judgment in an action at law tried to the court, the Supreme Court does not reweigh the evidence but, instead, considers the evidence in the light most favorable to the successful party, with conflicts resolved in favor of the successful party, who is entitled to the benefit of every inference which can be reasonably deduced from the evidence. *Hughes v. Cornhusker Cas. Co.*, 235 Neb. 656, 456 N.W.2d 765 (1990).

The record, when viewed in this light, shows that on January 5, 1984, MUD's customer service department received a telephone call requesting water service for an apartment building located at 1540 Willis Avenue. The caller requested that the account be placed in the name of Delbert L. Pelton, effective December 19, 1983. Pelton had other accounts with MUD and no deposit was required on the new account. On December 19, 1983, MUD received a request for gas service at the Willis property, and the caller again instructed that the account be placed in Pelton's name. Services were commenced, and bills were sent to Pelton at the address of a property management company which managed other properties for Pelton.

At trial, Pelton testified that Real Estate Management

company customarily placed accounts in Pelton's name to avoid paying utility deposits. When Pelton was asked whether the management company was authorized to put utility accounts in Pelton's name, Pelton responded, "I did not object. I'm sure I ratified it at least."

The court also received two memorandums in evidence. The first, exhibit 9, was a handwritten memorandum from Pelton to MUD, dated January 1, 1985, in which Pelton stated: "GAS BILL. This property is to have gas turned off. . . . The bill doesn't reflect the [$]1600, paid in the last two weeks. I will not pay for any gas after date of notifying you to turn gas off." Exhibit 8, also handwritten, was a memorandum from Pelton to MUD's attorney, dated January 4, 1984, wherein Pelton stated: "1540 Willis Omaha I'm giving up the ghost on this building and will no longer be responsible for gas service on this building effective FEBRUARY 1st. . . ."

Accordingly, MUD terminated the accounts on or about February 1, 1985. The parties stipulated at trial that the Willis property was not owned by Pelton at the time the debt accrued with MUD. After trial, the district court found that Pelton was liable for the utility debt, stating as its reason that Pelton had acknowledged indebtedness in the above memorandums.

Pelton's contention that exhibits 8 and 9 were offers of compromise under Neb. Rev. Stat. § 27-408 (Reissue 1989) and, therefore, inadmissible is wholly without merit. In addition to showing that MUD was to discontinue utility services at the Willis property, the memorandums indicate Pelton's control over the utilities there. The memorandums are not offers of compromise. In a bench trial of a law action, a trial court's factual findings have the effect of a jury verdict and will not be set aside on appeal unless they are clearly wrong. *Howells Elevator v. Stanco Farm Supply Co.*, 235 Neb. 456, 455 N.W.2d 777 (1990); *Otoe Cty. Nat. Bank v. Froelich*, 234 Neb. 1, 448 N.W.2d 917 (1989). In view of the contents of the memorandums, Pelton's contention fails. The finding of the trial court is correct, and the judgment is affirmed.

AFFIRMED.