WAYNE TREW, APPELLANT, V. ARLENE TREW, APPELLEE.

567 N.W.2d 284

Filed May 23, 1997.   No. S-96-038.

Thomas A. Wagoner for appellant.

David C. Huston, of Huston & Higgins, for appellee.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and MCCORMACK, JJ.

CAPORALE, J.

In this garnishment proceeding instituted by the respondent-appellee former wife and alimony judgment creditor, Arlene Trew, the district court determined that notwithstanding the postgarnishment renunciation of the petitioner-appellant former husband and debtor, Wayne Trew, of his distributive share of the estate of Glenn D. Trew, deceased, the garnishee copersonal representatives of the estate, Larry D. Trew and Bernice Peterson, were to apply so much of Wayne Trew's share as was required to satisfy Arlene Trew's judgment. Wayne Trew thereupon appealed to the Nebraska Court of Appeals, which reversed the judgment of the district court. *Trew v. Trew*, 5 Neb. App. 255, 558 N.W.2d 314 (1996). Arlene Trew then successfully sought further review by this court, asserting, in summary, that the Court of Appeals erred in determining that the renunciation was effective. Inasmuch as the district court lacked subject matter jurisdiction, we now reverse the judgment of the Court of Appeals and remand the cause thereto with the direction that the cause be further remanded to the district court for dismissal.

When a jurisdictional question does not involve a factual dispute, its determination is a matter of law, which requires an appellate court to reach a conclusion independent from the decisions made by the lower courts. *In re Interest of Joshua M. et al.*, 251 Neb. 614, 558 N.W.2d 548 (1997); *Tess v. Lawyers Title Ins. Corp.*, 251 Neb. 501, 557 N.W.2d 696 (1997).

When their marriage was dissolved by the district court for Hall County in November 1975, Wayne Trew was ordered to pay Arlene Trew alimony in the sum of $400 per month until her remarriage or death. He failed to pay as ordered and as of August 31, 1995, was $100,725.69 in arrears, including interest accrued to that date.

The decedent, Wayne Trew's brother, died on August 4, 1995, and his will, which divided the decedent's residuary estate among his siblings, was filed for probate in the county court for Custer County.

On September 18, 1995, Arlene Trew transcribed her alimony judgment to the district court for Custer County. On the same day, she filed therein an affidavit and praecipe for summons· in garnishment directed to the personal representatives,

alleging that they had property of, and were indebted to, Wayne Trew. The personal representatives answered that he had a one-eighth interest in the estate. Arlene Trew subsequently filed an application to determine the garnishees' liability, and on October 2, the district court for Custer County set the matter for trial on November 16. Prior to the scheduled trial, namely, on November 8, 1995, Wayne Trew filed a renunciation of his interest in the estate in the county court for Custer County.

Although jurisdiction has not been challenged by the parties or the courts below, it not only is within the power but is the duty of an appellate court to determine on its own motion whether it has jurisdiction over the matter before it. See, *State ex rel. Fick v. Miller, ante* p. 164, 560 N.W.2d 793 (1997); *City of Lincoln v. Twin Platte NRD*, 250 Neb. 452, 551 N.W.2d 6 (1996); *Jones v. State*, 248 Neb. 158, 532 N.W.2d 636 (1995).

For more than a century, it has been the rule of this state that a debt reduced to judgment is liable to garnishment when the process of garnishment issues from the same court, but not otherwise. We first formulated this rule in *Scott v. Rohman*, 43 Neb. 618, 62 N.W. 46 (1895), wherein a county court judgment creditor, by garnishment proceedings brought in that court, sought to reach the interest of the judgment debtor in money held by the district court. Acknowledging some conflict among the various jurisdictions, we adopted the above-stated rule, observing, among other things, that to allow a judgment to be garnished in a court other than the one in which it was rendered "would permit one court to interfere with the due execution of process in another tribunal." 43 Neb. at 631, 62 N.W. at 50.

We applied the rule 3½ decades later in *American State Bank of Springfield v. Phelps*, 120 Neb. 370, 232 N.W. 612 (1930). Therein, the plaintiff bank had recovered a judgment against the defendant in the district court. The bank later procured from the same court a process in garnishment directed to the garnishee administrator of a decedent's estate for the purpose of requiring the administrator to apply the defendant's distributive share on the bank's district court judgment.

The administrator answered that the defendant's distributive share, as decreed by the county court, being the court of original jurisdiction in the settlement of estates of deceased persons,

was subject to the order of the county court, and, consequently, the district court had no jurisdiction to garnish the money in his hands as administrator. The district court overruled the administrator's jurisdictional objection and ordered the administrator to pay the fund in controversy to the clerk of the district court to apply on the bank's judgment.

Relying on *Scott, supra*, we reversed the district court's garnishment judgment in favor of the bank and dismissed the garnishment proceedings for lack of jurisdiction. In so doing, we specifically rejected the bank's argument that *Scott* did not apply, as the defendant's interest had been definitively fixed by the final decree of the county court, leaving nothing further remaining to be done by that court, thereby eliminating any possibility of conflict of judicial authority. In that regard, we wrote:

> The county court in the exercise of original jurisdiction ordered the administrator to turn over to defendant as an heir the latter's distributive share of decedent's estate. The order was a judgment against the administrator. It adjudicated his indebtedness to defendant, an heir. There was no appeal. The judgment was unsatisfied when the process in garnishment was issued. At that time the county court had jurisdiction to enforce payment of its own judgment by execution against the administrator. . . . The orders in the different jurisdictions were conflicting. The county court ordered the administrator to pay the fund in controversy to defendant and the district court ordered him to pay the same fund to plaintiff.

120 Neb. at 373, 232 N.W. at 614.

We again referred to the rule four decades later. In *Steven v. Ford*, 187 Neb. 401, 191 N.W.2d 446 (1971), the alimony judgment creditor wife brought a district court action against the judgment debtor husband and the executrix of an estate, seeking application of the husband's distributive share in the estate to the satisfaction of her judgment. Another judgment creditor of the husband intervened, urging that by his unsuccessful effort to garnish the husband's share in the estate through the executrix, he had acquired a lien superior to that of the wife. In rejecting that argument and holding that the husband's share in the estate be applied to the wife's judgment, we, citing *Phelps*, wrote that

as the husband's distributive share in the estate was not subject to garnishment while it was in the hands of the executrix, the intervenor's garnishment attempt was ineffective for any purpose. See, also, *Fremont Farmers Union Cooperative Ass'n v. Markussen*, 136 Neb. 567, 286 N.W. 784 (1939) (approving use of creditors' equitable suit as means of impressing lien upon distributive share of judgment debtor in decedent's estate in process of administration).

Within the last decade, we again applied the rule in *Otoe Cty. Nat. Bank v. Froelich*, 234 Neb. 1, 448 N.W.2d 917 (1989). The judgment creditor bank therein instituted a district court garnishment action in an effort to reach assets in which the judgment debtor had an interest by virtue of a will pending probate in the county court. The summons in garnishment was served upon the presumed trustee of the testamentary trust set forth in the decedent's will. There being no evidence that the trust had ever been funded, the district court concluded that the assets sought to be garnished were held by the garnishee as personal representative of the estate and ruled against the bank. In affirming, we accepted the district court's factual findings as not being clearly wrong and, citing to *Phelps*, wrote that "an heir's distributive share of a decedent's estate, as decreed by the county court, in the hands of an administrator is not subject to garnishment under process from the district court." 234 Neb. at 4-5, 448 N.W.2d at 920.

Because the district court here lacked subject matter jurisdiction over the garnishment proceeding, the Court of Appeals lacked, and we lack, jurisdiction to adjudicate the merits of the issues presented by the proceeding. See *Payne v. Nebraska Dept. of Corr. Servs.*, 249 Neb. 150, 542 N.W.2d 694 (1996) (when lower court lacks jurisdiction to adjudicate merits of claim, issue, or question, appellate court also lacks power to determine merits of claim, issue, or question presented to lower court). See, also, *Currie v. Chief School Bus Serv.*, 250 Neb. 872, 553 N.W.2d 469 (1996). We therefore do not determine whether the decision of the Court of Appeals on the merits is correct.

Accordingly, we hold as stated in the first paragraph of this opinion.

REVERSED AND REMANDED WITH DIRECTION.